## Coit vs. Claw, Collector.

COLLECTOR OF TAXES: *What funds or parts of taxes must receive.*
  When the amount of any fund or funds is tendered in money or such scrip as the collector is required to receive, he should accept the same. Whether the owner of real estate will pay all taxes, or pay one kind and not another, or let his lands go to sale for all or part, are questions for him and not the collector to determine.

BOARD OF SUPERVISORS: *Cannot order in what taxes shall be paid.*
  The law prescribes in what taxes shall be paid, and the collector is bound by his bond and official oath to collect accordingly. There is no discretion in the matter conferred upon the county board, and any orders they may make, declaring in what kind of funds any division of taxes shall be paid, are extra judicial and of no effect.

PETITION for *Mandamus.*
*Yonley & Whipple,* for petitioner.
*D. G. Griffin,* for respondent.

GREGG, J.   On the 26th of January last past the plaintiff

filed his petition in this court, in which he alleged that he was a resident of said county, and the owner of certain real estate described therein; that state, county and district taxes were due thereon for the year 1873, amounting to $112.05 ; that such taxes had been duly extended upon the tax books of the county, and that they were in the hands of the defendant, who is duly authorized to collect, etc. ; that $19.50 of said taxes is for ordinary county tax upon said lands; that on the 17th day of the same month he tendered said Claw as such collector, $92.55 in United States currency, and $19.50 in Union county warrants, bearing date in July, 1872, which warrants had been duly issued, were valid and owned by the petitioner, in payment of said taxes; but said Claw, as such collector, refused to receive said sums in payment of the taxes so due and unpaid, and he prayed for a writ of *mandamus* against the defendant and that he be compelled to receive said sums of money and warrants, etc.

The defendant waived service of the alternative writ, entered his appearance and responded that he did refuse to accept said sums of money and county warrants in payment of the taxes, as alleged by the complainant, because the board of supervisors of said county, on the 8th day of January, 1874, did order and adjudge that no outstanding scrip or warrants of said county, issued prior to the 1st day of January, 1873, should be received in payment for any taxes levied for said year 1873, and that he, as such collector, was duly notified thereof, etc. ; that he was bound to obey said order, and could not receive such scrip; that he did not receive the currency because said Coit did not tender him enough to pay all state, county and district taxes assessed against said lands, and he was not bound to accept the state tax until all other taxes thereon due were paid or tendered.

To this response the plaintiff interposed a demurrer, and the cause was submittted.

Section 75 of the revenue act of April 28, 1873, provides that " the board of supervisors of each county shall, on the first Friday after the first Monday in October in each year, determine the amount to be raised for ordinary county purposes, for public buildings, for the support of the poor, for bridges, for roads, and for interest and principal on the public debt. The county supervisors shall set forth upon the record of proceedings specially the amount to be raised for each of the above defined purposes. The county clerk shall carefully ascertain the net amount collected for each purpose under said levy, and it shall not be lawful to use any specific fund for any other purpose than the one for which the same was specifically levied until the purpose for which such tax was levied shall have been accomplished," etc.

Under this section these specific county taxes must be paid in the warrants issued against the specific fund to be raised, or in currency or state auditor's or treasurer's warrants.

The sheriff in his settlement with the county authorities cannot pay the poor tax by warrants issued for road purposes, or the bridge tax in warrants issued for building purposes, etc., but he must settle each kind of tax in the warrants issued for such specific purpose, or in currency or state warrants, and cannot settle these different levies in one kind of county warrants.

But in this case the county warrants were tendered in payment of the taxes for which they were issued.

When the amount of any fund or funds is tendered in money or such scrip as the sheriff is required to receive, he should accept the same. Whether the owner of real estate will pay all taxes, or pay one kind and not another, or let his lands go to sale for all or part, are questions for him and not for the collector to determine.

Section 89 of said revenue act provides, among other things,

that "the collector shall receive county warrants in payment of county taxes, the orders or warrants that may be payable upon presentation, of any township, town or city for their respective taxes, and the warrant of the auditor of state or the treasurer's certificate of indebtedness for state taxes," except such warrants as are by law required to be funded.

It is not pretended that the warrants here tendered were required to be funded, and they had been regularly issued and were legally receivable for ordinary county taxes.

There is no provision of law declaring that warrants issued in one year if not redeemed or funded shall not be received for the county taxes of the succeeding year.

The orders of the county board of supervisors, under which the defendant attempts to justify, were a nullity. The law prescribes in what taxes shall be paid, and the collector is bound by his bond and official oath to collect accordingly. There is no discretion in this matter conferred upon the county board, and any orders they may make declaring in what kind of funds any division of the taxes shall be paid are extra judicial and of no effect, and if sued, such orders could afford no protection to the collector.

The peremptory writ of *mandamus* is ordered.