The opinion of the court was delivered by
Brewer, J.:
This was an action on a due-bill for $167, brought by plaintiff in error, who was plaintiff below, against the defendant in error. The execution of the due-bill was not denied, but the claim was that is was simply a memorandum of a balance due on the purchase of a half-interest in a livery stable and stock in Hutchinson, Reno county, and that two days after a note had been executed in lieu of the bill. The undisputed facts of the case are, that plaintiff and defendant were for several months partners in the livery business, and that in the fall of 1878 they dissolved partnership and divided the stock, each taking certain animals, etc., at stipulated prices. At the close of the division this due-bill was given by the defendant to the plaintiff, for a balance due. *114 Two days after, a note was also executed for the same amount, and delivered to plaintiff; and defendant contends that the note was in lieu of the due-bill, while the plaintiff insists that a part of the property taken by her was a pair of “Bird fillies,” as they were called, and that after the division she sold them to the defendant, and for them and one or two little matters the note was given. The jury found for the defendant, and that the note and due-bill were given for the same consideration. Plaintiff brings the case here, and presents as questions of error simply rulings as to the admission and rejection of testimony. We shall first notice the last question made by counsel. The defendant not denying .the execution of the due-bill, the burden of proof was placed on him; he practically opened the case, and introduced his testimony to show that the note was given in lieu of the due-bill. In answer to that, plaintiff’s husband, who had been her agent and transacted all the business, testified to the different consideration of the two instruments as heretofore indicated. He was asked several questions as to statements made by him to one Conner Brown, at certain times and places, all of which he specifically denied. They were statements in reference to the disposition of the Bird fillies in the division of the partnership property, and of course therefore bore directly upon the vital question of a separate consideration for the due-bill. After the plaintiff had finished, defendant in rebuttal introduced the testimony of Conner Brown, to the effect that the witness, plaintiff’s husband, had made those statements. He identified the time and place, fixing the time specifically in the month of May and at the stable of plaintiff He fixed the time absolutely by. certain matters of his own history, which he claimed enabled him to be positive as to the time. After the defendant bad again rested, the plaintiff sought to introduce testimony that at the times these statements were claimed by Conner Brown to have been made, the latter was confined to his bed by sickness, was not able to leave his room, could not possibly have been at the stable, and could not have heard any statements of any kind from said witness; *115 but the court refused to permit this testimony, holding that at that stage of the case the plaintiff was limited to .impeaching testimony, and that this did not fall within such category. In this we think the court erred. That the testimony offered was important, cannot be doubted. The vital question was, whether the “Bird fillies” were taken by the plaintiff, or defendant. Plaintiff’s husband and agent, her main witness, had positively sworn that they were taken by her. Conner Brown testified that this principal witness of the plaintiff had at a certain time and place told him that they were taken by the defendant. This statement outside the court room was in direct contradiction of the testimony given inside. As no motive appeared for making any false statement to Conner Brown, if the jury believed the latter’s testimony they would be inclined to doubt very much the testimony of plaintiff’s husband. Where as in this case the two main witnesses flatly contradicted each other, a matter like this would turn the scale. Now if plaintiff could show that at the time Conner Brown claimed to have heard these statements, it was absolutely'impossible for him to have been present or to have heard any statements, the force of this impeaching testimony would be destroyed; it would be in fact proving an alibi, and an alibi when proved is conclusive. If Brown was not and could not have been present at plaintiff’s stable during the month of May, he did not then hear any statements or admissions of plaintiff’s husband and agent.
Again, this testimony could not have been offered before. Until Conner Brown had been called as a witness, and his testimony given, it was not competent to prove anything as to his whereabouts in the month of May. It is true in this case that his testimony was taken by deposition, and so the plaintiff knew what testimony had been taken and might be offered,- but he could not know that this deposition would be read by defendant; he had no right to anticipate its reading, and attempt to contradict or impeach it in advance. The rule is the same as though the witness .himself was on the stand, and the testimony drawn out from him before the jury. *116 Finally, we remark that this testimony was really in the nature of impeaching testimony. It did not bear directly on the question at issue between the parties; it simply impeached Conner Brown’s testimony as to the hearing of certain statements, by showing that he was not present where he could hear.
We think, therefore, the court erred in ruling out this offered testimony. For this error the judgment must be reversed, and the case remanded for a new trial.
In reference to the first error complained of, we may say briefly,.that the testimony offered and refused was probably competent, though unless followed by evidence of a judgment and proof that plaintiff was in fact made a party to the litigation, it might be obnoxious to a motion to strike out. In reference to the second ruling complained of, we may say, in general, that where the issue turns upon a question of fact, in respect to which there is a single witness on each side, and they flatly contradict each other, it is often proper to extend the scope of inquiry to many minor circumstances tending to show the probability of the story given by one or the other of these witnesses; and while perhaps it cannot be said that the court erred in refusing to admit the testimony offered, we also think that it would not have erred if it had admitted it. The matter sought to be introduced was perhaps not very important, yet it might have thrown some light on the controversy. Without pursuing the case further, and alone for the error first above noticed, the judgment of the district court will be reversed, and the case remanded for a new trial.
All the Justices concurring.