McMAHAN v. MORGAN.

(Court of Civil Appeals of Texas. Dallas. Nov. 30, 1912. Rehearing Denied Dec. 21, 1912.)

1. TAXATION (§ 611*)—SUIT TO RESTRAIN TAX COLLECTION—BURDEN OF PROOF.
In an action to restrain the collection of taxes, the burden is on plaintiff to show that the taxes are not due and owing by him.
[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1242, 1245–1257; Dec. Dig. § 611.*]

2. TAXATION (§ 608*)—SUIT TO ENJOIN TAX COLLECTION.
On suit to restrain the collection of taxes, the fact that excessive property was levied on is not available to plaintiff.
[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1230–1241; Dec. Dig. § 608.*]

3. TAXATION (§ 610*)—INJUNCTION AGAINST COLLECTION—PREREQUISITES.
A property owner who has not paid taxes assessed against him, nor offered to pay them, cannot sue to enjoin an excessive levy.
[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1244; Dec. Dig. § 610.*]

Appeal from District Court, Rains County; R. L. Porter, Judge.

Action by B. M. McMahan against G. A. Morgan. Judgment dissolving a temporary injunction, and plaintiff appeals. Affirmed.

J. S. Sherrill, of Greenville, for appellant. Carter & Hunt, of Emory, for appellee.

RAINEY, C. J. This is an appeal from a judgment of the district court dissolving a temporary injunction which was granted to restrain the collection of certain state and county taxes assessed against appellant, and the sale of certain personal property of appellant valued at $4,500, levied on to pay said taxes.

[1] There was no proof that said taxes were not due and owing by the appellant. It was incumbent upon plaintiff to establish this fact in order to recover.

[2] The fact that the property levied on was excessive will not avail appellant.

[3] It is a familiar legal maxim that he who seeks equity must do equity. As appellant had not paid the taxes nor offered to pay them, he was in no position to seek equity from a court of justice.

The judgment is affirmed. ·