### STATE OF TEXAS V. CHARLES HOFFMAN.

#### No. 3006. Decided March 20, 1918.

**1.—Illegal Tax—Tender—Penalty.**

A citizen has the right to refuse and resist payment of an illegal tax; and by tender of payment of so much as is lawful, and by instituting proceedings to have the rest declared illegal and its collection restrained, he incurs no liability for the penalty, interest and costs for non-payment of the lawful tax; and this though his tender was properly refused by the collector because not covering the full amount of the tax as assessed. (P. 136.)

**2.—Same—Tender.**

A tender once made need not be repeated. It is only necessary that it be kept good; and this appears where the record shows that it was offered to be paid into the registry of the court in open court, on the trial. (P. 136.)

**3.—Same—Pending Action.**

Where the State sought recovery and enforcement of collection of taxes and penalty, interest, and costs for non-payment, pending an action by the taxpayer to have certain of the taxes assessed against him, but not here sued for, adjudged illegal, the issue as to the liability for penalty, etc., involved only the question of his due payment or tender of so much of the tax as was sued for and which was conceded to be lawful. He was not bound to prove the invalidity of the tax which he was resisting. (Pp. 136, 137.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Duval County.

The State sued Hoffman to collect taxes and penalty for non-payment. Plaintiff had judgment only for the taxes, which had been tendered into court, and was denied recovery of the penalty. The judgment being affirmed on appeal by the State, it thereupon obtained writ of error.

*J. F. Clarkson* and *Hicks, Hicks, Teagarden & Dickson,* for plaintiff in error.—The judgment of the court in not giving the appellant a lien on the several tracts of land for the amount of the delinquent taxes for which judgment was in fact rendered for appellant was error, because the plaintiff below in his pleadings alleged such a lien to exist and the

appellee admitted in his answer that he was in fact indebted to the appellant for the amount for which judgment was in fact rendered and, therefore, the appellant should have had the tax lien foreclosed in the judgment for the amount thereof and no other judgment could have legally been rendered thereunder. Rev. Stats. 1911, art. 7689; chap. 147, Acts 34th Legislature.

Where a portion of a taxpayer's taxes is legal and the other portion is illegal, and he has the opportunity to pay the legal portion of same before the penalty accrues, but neglects to do so, then the penalty attaches and he can not afterwards avoid the penalty by tendering the legal portion of his taxes less penalty, after the penalty attaches, and the penalty can not be avoided as the penalty becomes in effect a part of the tax and can not be forgiven any more than the tax itself. Rev. Stats 1911, art. 7692; State v. Fulmore, 71 S. W., 418; State v. Chicago & N W. Ry. Co., 108 N. W., 594.

Where judgment is rendered foreclosing State's tax lien it is proper for the court to award six per cent interest from the 1st day of January, next succeeding the return of the tax rolls by the assessor to the Comptroller and for the judgment to bear six per cent interest. Rev. Stats., 7688; Acts 34th Legislature, p. 250; League v. State, 93 Texas, 553, 57 S. W., 34, 35.

Where officers have performed certain duties required of them by law, and under said law are allowed certain fees, then they are respectively entitled to judgment therefor. Rev. Stats. 1911, art. 7691; Acts 34th Legislature, p. 252; Rev. Stats. 1911, art. 2046; State v. Wolfe, 51 S. W., 657; Houston Oil Co. of Texas v. State, 141 S. W., 805.

It is mandatory upon the county attorney ninety days after notice has been mailed to a delinquent tax payer by the county collector of the amount of his taxes due, under chapter 147, Acts Thirty-fourth Legislature, and before January 1, 1917, in counties less than 50,000 inhabitants to institute suit thereon as provided by law, and his failure to do so subjects him to removal from office and a fine not less than $100 nor more than $1000. And he is entitled to $5 for the first tract of land included in each suit and $1 for each additional tract of land included therein in counties of less than 50,000 inhabitants. Acts 34th Legislature, chap. 147.

*Dougherty & Dougherty* and *G. C. Robinson*, for defendant in error.— When taxes are levied for several funds they are separable in the sense that if one tax is invalid and a tax payer has made a tender to the tax collector of the full amount of the taxes legally levied against him, and has kept the tender good, such tender is equivalent to payment in that it is a bar to any claim for penalty, interest or costs. First Natl. Bank of Lampasas v. City of Lampasas, 74 S. W., 42; State v. Fulmore, 71 S. W., 418; art. 7692, Rev. Stats. 1911; Clark v. Colfax County, 96 N. W., 607; Dakota Loan & Trust Co. v. Codington, 9 S. D., 159,·

68 N. W., 314; Meridian v. George, 67 Miss., 86, 6 So., 619; Gray v. Stiles, 6 Okla., 455, 49 Pac., 1083.

The 20-cent tax for courthouse and jail purposes being enjoined by an interlocutory order, such order is not here subject to a collateral attack, and must for the purposes of this suit be given its full faith and credit, and we wish to say that it is fully authorized by the cases of Jefferson Iron Works v. Hart, 45 S. W., 321, and Ault v. Hill County, 102 Texas, 335.

We submit that the validity of the 20-cent tax was not an issue in this case. It was expressly not sued for. On the other hand, it was shown that its validity was attacked by a suit pending, and there was a temporary injunction issued out of the main case restraining the collection of this tax, which was yet in effect.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

This was a proceeding by the State to recover of the defendant, Hoffman, State and county taxes for the year 1913, with penalties and interest and foreclosure of the tax lien upon certain real estate. There was no dispute as to the taxes. Judgment, therefore, was rendered for the State. The real controversy is whether the State was entitled to the penalties, interest and costs, and a foreclosure of the lien, as to which its prayer was denied. The case is here upon a writ of error allowed by the Committee of Courts of Civil Appeals Judges, the judgment of the trial court having been affirmed by the Court of Civil Appeals for the Fourth District.

The full amount of the taxes for which the State has brought this suit was, according to the agreed statement of facts, legally tendered by Hoffman to the county tax collector on January 28, 1914. This was before the time fixed by law for the accrual of any penalty for their non-payment. Hoffman's tender did not include a tax of 20 cents upon the hundred dollar valuation that had been levied for courthouse and jail purposes. The validity of that tax was denied by him, and for that reason he declined to pay it. His tender was refused by the collector because it did not embrace the amount of that tax. Exclusive of that amount, it covered all taxes due by him. This being the situation, Hoffman and other citizens in the same attitude, on January 30, 1914, presented to the district judge their petition for an injunction to restrain the collector from attempting to collect the courthouse and jail tax, because of its invalidity, and directing that he accept from the plaintiffs the amount of their taxes less that tax. A preliminary injunction to such effect was granted on the same day. The required bond was duly filed. The writ issued and was served on the collector on January 31st. That injunction is still in force, a motion to dissolve having been later heard and denied. On February 2nd, the intervening day being Sunday, Hoffman made a second tender of his taxes to the collector, in the same amount as the first. It was refused by the collector because it did not include the amount of the penalty. Later,

Hoffman and others obtained an injunction restraining the county attorney from prosecuting suits for the courthouse and jail tax until its validity was determined in the suit against the tax collector, which appears to be still pending. On final hearing that injunction was perpetuated, with no appeal taken from either the preliminary or final order.

Hoffman was under no obligation to pay the courthouse and jail tax if it was an illegal tax. The property of the citizen is subject to only valid taxation, and it is his right to resist that which is invalid. He is not required to pay the tax and be then put to a suit or compelled to resort to the political authority to recover it if adjudged illegal. The law affords him a more direct remedy. Where the taxes are separable, it is to properly tender the taxes admittedly due and then by appropriate proceeding present for the determination of the courts the validity of the tax assailed. Blanc v. Meyer, 59 Texas, 89; Continental Land and Cattle Co. v. Board, Tax Collector, 80 Texas, 489. That is the course Hoffman was entitled to pursue and which he did pursue. Equity will not lend its aid in such a proceeding unless this proffer of the undisputed taxes has been made. But when under the sanction of this equitable rule a man has offered to pay and has attempted to pay before default day his taxes concededly due and keeps his tender good, it is opposed to all sense of justice to inflict a penalty upon him as for default in their payment. There can be no penalty without a default. There was no default here, because within the legal period Hoffman sought to pay the full amount for which he is here sued by making a legal tender to the collector. Having once made such a tender it was unnecessary for him to repeat it. For the tender to be available as a bar to the recovery of the penalty, interest and costs it was only required that he keep it good.

To keep the tender good in an action like this, it was necessary that the money be paid into the registry of the court. Brock v. Jones, 16 Texas, 461; Tooke v. Bonds, 29 Texas, 420; Hunt on Tender, sec. 481. It is urged by the State that this was not done, but such is not shown by the record. The judgment of the court recites that the amount of the taxes sued for was tendered by the defendant in open court on the trial. In the absence of a contrary showing by the record we will presume in favor of the judgment that the tender was maintained.

With this true, the lien upon the property for the taxes stood discharged, and the court properly refused to foreclose it.

The writ of error was granted upon the theory that it was the duty of the collector to refuse Hoffman's tender of January 28th because it did not include the courthouse and jail tax which had not then been enjoined, and for that tender to be available here it was incumbent upon Hoffman to show in this proceeding the illegality of that tax. But Hoffman is not here sued for that tax. That tax is not in issue. The State is here making no claim for it. The penalty it here seeks to impose is not for any default in its payment, but for an alleged default in the payment of the taxes legally tendered by Hoffman before under

the law they were delinquent. With the courthouse and jail tax itself not in issue, Hoffman was not called on here to contest it, or try out the question of its validity·in order to defend against a penalty upon other taxes for which alone he is here sued. True, the collector was not required at the time of the tender to accept less than the full amount of the taxes assessed. But the infliction of a penalty for the non-payment of the taxes in issue here which were legally tendered before default day, is another matter.

The judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*