# CENTRAL PACIFIC RY. CO. *v.* GAGE, SHERIFF.

(189' Pac. 643.)

**Mandamus—Taxation—Writ may Issue to Compel Acceptance of Tax—Sheriff cannot Prevent Contest of Road Tax by Refusing to Accept Other Taxes Without Road Tax.**

1.   Sheriff and tax collector of county is not entitled to refuse timely tender by owner of realty of state and county taxes, a school district tax, a port tax, and a fire-patrol tax, because taxpayer did not also tender amount charged as tax by road district for the year, and taxpayer, entitled to contest illegal tax, can have *mandamus* to compel sheriff to receive payment.

[As to *mandamus* against ministerial officers and boards, see note in 98 Am. St. Rep. 869.]

From Coos: JOHN S. COKE, Judge.

Department 1.

The plaintiff says it is the owner of certain real property in Coos County upon which for the year 1917 there was assessed for state and county tax $1,259.18; for School District No. 9, $764.92; 'for Port of Coos Bay, $241.25; for fire patrol, $9.20, totaling $2,274.55. It claims to have made timely tender of the full amount of each of these taxes to the defendant, who is the sheriff and tax collector, but that he refused to receive them because the plaintiff did not tender therewith the additional sum of $529.56 charged as a tax against the property by Road District No. 8 of Coos County for the year mentioned. The plaintiff alleges these facts, brings into court the amount of money tendered, and seeks by *mandamus* to compel the sheriff to accept it in payment of the several taxes which the plaintiff admits to be due.

The answer of the defendant is to the effect that the plaintiff tendered all of the taxes charged against it except the road district tax, and urges

that as a reason for dismissing the writ. A demurrer to this answer was sustained. The tenders as stated by the complaint were admitted by special stipulation. The court made the *mandamus* peremptory and the defendant appeals.     AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John F. Hall.*

For respondent there was a brief and an oral argument by *Mr. Ben C. Dey.*

BURNETT, J.—1. These are not taxes levied as an aggregate by the same taxing power. They are composed of different items authorized and levied by separate taxing jurisdictions, either one of which the taxpayer is entitled to contest. The defendant was authorized to collect, not one, but several different taxes each independent of the others and emanating from a separate source. It is plain that an illegal or void tax levied by one jurisdiction cannot be supported by a regular tax laid by other authorities. The valid tax cannot be made a scapegoat for the invalid one. The plaintiff cannot be cut off from its right to contest the illegal tax by any such procedure. Under such circumstances it is the privilege of the taxpayer to pay the separate taxes which it admits to be due and have the payments applied as tendered: *Duvall* v. *Perkins,* 77 Md. 582 (26 Atl. 1085); *State* v. *Hoffman* (Tex.), 201 S. W. 653; *Iowa R. R. Land Co.* v. *Carroll County,* 39 Iowa, 151; *Coit* v. *Claw,* 28 Ark. 516; *County of Olmsted* v. *Barber,* 31 Minn. 256 (17 N. W. 473, 944). This distinguishes the case of *Julian, Sheriff,* v. *Ainsworth,* 27 Kan. 446, cited by the de-

fendant. That was a case where the contested tax was part of one levied by the county, while here the objection is to a distinct and several tax levied by a different taxing power. There, it was held that the proper procedure for the plaintiff was to allege the invalidity of that portion of the tax he contested, tender the amount he admitted justly to be due, and sue to enjoin the collection of the invalid portion of the whole tax. Here, it is the privilege of the plaintiff to pay the several independent taxes it admits, and compel their application by *mandamus,* which is an affirmative remedy. The plaintiff's right to injunction will arise when the sheriff attempts to collect the supposed illegal, and separate tax. By accepting the amounts covering the four admitted taxes, no prejudice would have accrued against the defendant's remedy to enforce collection of the disputed levy. His power as to that remained unimpaired. The judgment of the Circuit Court is affirmed.                                    AFFIRMED.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.