## DALLAS JOINT STOCK LAND BANK OF DALLAS v. STATE et al.

### No. 3750.

Court of Civil Appeals of Texas. El Paso.

June 23, 1938.

942

McCombs, Andress & Johnson, of Dallas, for appellant.

H. H. Neilson, Co. Atty., and Dwight Whitwell, Asst. Co. Atty., both of McKinney, for appellees.

HIGGINS, Justice (after stating the case as above).

Appellant invokes the settled rule that an assessment as provided by law is an indispensable prerequisite to the validity of a tax against an individual and his property, and asserts there has never been a valid assessment of the road taxes for the year 1919 to 1930, because of the failure of the assessor to calculate and extend on the annual tax rolls the amount of the road taxes levied against the parcel of land in question. This phase of the case is controlled by the decision of the Supreme Court in George v. Dean, 47 Tex. 73. In that case George and others sued Dean, the tax collector of Galveston County, to enjoin the collection of a tax levied for the scholastic year ending September 1, 1874 for the purpose of building and repairing school houses, and a special tax levied by the Commissioners' Court of Galveston County to pay interest and create a sinking fund on certain county bonds. In that case it was insisted said taxes had not been legally assessed because the tax rolls failed to show the amount of school tax with which each individual taxpayer was chargeable. In disposing of that insistence Judge Moore said:

"An assessment, however, is an altogether different thing from the tax-roll. By the assessment, the liability of the tax-payer is fixed. It ascertains the facts, and furnishes the data for the proper preparation of the rolls. To make an assessment, the officer or tribunal to whom the duty is committed, is required to ascertain and make an inventory or list of the property upon which the tax has been levied, and to estimate or determine its value. (Cooley on Taxation, 258.) When the property is listed and valued, the amount of tax for which the owner is liable is merely a matter of arithmetical calculation. *While this amount*

*should be shown and exhibited by the tax-roll, if properly prepared, it is not an essential part or requisite of the assessment.”* (Italics ours.)

Under the holding in that case it cannot be said there was not a valid assessment of the road taxes in question simply because the assessor failed to calculate such taxes and extend the same on the annual tax rolls. In this connection, see, also, Hernandez v. City of San Antonio, Tex.Civ. App., 39 S.W. 1022.

Assuming there has never been a valid assessment of such road taxes appellant also asserts the taxes cannot be enforced without a re-assessment and other procedure as provided by Articles 7346-7349, R.S., inclusive. These articles apply to real property which had been omitted from the tax rolls or where previous assessments on such real property are invalid or have been declared invalid for any reason by any district court in a suit to enforce collection of taxes. These articles have no application to the present suit because the land was not omitted from the tax rolls and the assessments for the years in question are not invalid and have not been so declared by any district court.

Affirmed.