**NORTON et al. v. CASS COUNTY et al.**

No. 9457.

Circuit Court of Appeals, Fifth Circuit.

Dec. 10, 1940.

Rehearing Denied Jan. 14, 1941.

---

Knox Miller, of San Antonio, Tex., and Elmer Patman, of Linden, Tex., for appellants.

Gerald C. Mann, Cecil C. Rotsch, and Geo. W. Barcus, all of Austin, Tex., and Bedford F. Whitworth, of Linden, Tex., for appellees.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

This suit was filed in the court below by appellant against various state, county, and municipal tax-assessing-and-collecting boards and officers in Texas. The prayer of the bill is that certain levies and assessments be cancelled as clouds upon the plaintiff's title, and that each of the de-·fendants be enjoined from taxing or attempting to tax the plaintiff, individually or as trustee, upon alleged unpaid purchase money due as oil payments.

The controversy on its merits involves the liability of appellant, individually and as trustee, for taxes upon a one-fourth overriding oil royalty from a mineral leasehold estate, which he owns only so long as certain wells continue to flow by their own natural pressure. Appellant claims that his portion of the production from flowing wells is a part of the purchase price due him by his grantee in a written contract of sale of his entire mineral rights, and belongs to that class of property comprising unpaid purchase money which, in the case of other taxpayers, is intentionally and systematically omitted from taxation in Texas by appellees; and that he has been singled out and discriminated against by said taxing officers in violation of the Fourteenth Amendment of the Constitution of the United States, as well as of certain provisions of the Constitution of the State of Texas.

The defendants in the court below, asserting that this is a suit to enjoin them ·from levying, assessing, and attempting to collect taxes imposed upon an interest in real property by the laws of the State of Texas, moved to dismiss the suit for want of jurisdiction, relying upon the act of August 21, 1937,[1] which provides that no district court shall have jurisdiction in any such case "where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such state."

We think the district court committed no error in dismissing the bill upon the ground stated in the motion. In City of Fort Worth v. Southwestern Bell Telephone Co., 80 F.2d 972, 974, we held that the remedies at law in Texas were inadequate with reference to illegal taxation, and upheld ·federal equitable jurisdiction of a suit to restrain enforcement of an allegedly void tax levy. In that case, the court said: "The practice in Texas apparently is to be liberal with injunctions before payment but opposed to recoveries afterward." This statement may have been partly dictum when uttered, because it was immaterial, then, what remedy in equity was afforded by the state courts of Texas, the crucial jurisdictional test at that time in the federal courts of

[1] 50 Stat. 738, c. 726; 28 U.S.C.A. § 41(1).

equity being what remedy at law, if any, was available to the plaintiffs in the federal court. Now, in deciding federal jurisdiction, it is necessary to determine whether any plain, speedy, and efficient remedy in the state courts is available to the plaintiff either at law or in equity. We quote the above statement because in substance, it is supported by a Texas decision which upholds the jurisdiction of the Texas courts to issue injunctions against the collection of illegal taxes.[2]

The case of Fort Worth v. Southwestern Bell Telephone Company, supra, was decided in 1936, and would be an authority to sustain the equitable jurisdiction of the federal court in the present suit but for the fact that some of the jurisdiction formerly vested in United States District Courts was taken away by the act of August 21, 1937, supra. The question now is whether a plain, speedy, and efficient remedy may be had at law or in equity in the state courts. Formerly, the adequacy of the remedy at law in the state courts was not sufficient to defeat equitable jurisdiction in the federal court; if there was no plain, adequate, and complete remedy at law available in the federal court, the plaintiff had his choice of forum as between state and federal tribunals in cases involving federal questions and in controversies between citizens of different states, if the requisite federal jurisdictional amount was involved. This has been changed, and many of the old jurisdictional refinements swept away, by the act of August 21, 1937, in the class of suits to which this one belongs.

■ Conceding, without deciding, the contention of appellant that he has no plain, adequate, and complete remedy at law available, either in the state or federal courts, in a case of this character, we entertain no doubt that he has a plain, speedy, and efficient remedy in equity in the state courts of Texas.[3]

■ We do not construe article 7329 of the Revised Statutes of Texas as precluding the appellant from interposing any of his defenses. One of his defenses is that he is not the owner of the minerals assessed to him. The right to assert this defense is expressly reserved to him in the statute above cited. His only other defense is the arbitrary, confiscatory, and discriminatory character of the levies and assessments which, he asserts, renders them violative of both state and federal constitutions. To hold that said statute cuts off a defense of this character would render the statute itself unconstitutional, and be contrary to the essence of the Texas law (including this statute), which is to the effect that there was no legislative intention to cut off any defense which the appellant had the right to make in any court under either the state or federal constitution.

■ There is no decision on the subject directly in point by the Supreme Court of Texas, but the court below entertained no doubt as to the correct interpretation of the statute, and neither do we. It should not be presumed that the Supreme Court of Texas would place upon article 7329 a construction which would render it violative either of its own state constitution or the Constitution of the United States, because the article is reasonably susceptible of a construction in harmony with both constitutions. The Supreme Court of Texas has never found it necessary to decide the exact point, but this is no reason why it should not have a case involving such point presented to it; and this is especially true since the Congress has clearly expressed its intention to deprive the federal courts of jurisdiction of suits of this character where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of the state.

The judgment appealed from is affirmed.

[2] See State v. Hoffman, 109 Tex. 133, 201 S.W. 653.

[3] See Davis v. Burnett, 77 Tex. 3, 13 S.W. 613; Court v. O'Connor, 65 Tex. 334; Texas & Pacific Ry. Co. v. City of El Paso, 126 Tex. 86, 85 S.W.2d 245; State v. Hoffman, 109 Tex. 133, 136, 201 S.W. 653.