**HARDING BROTHERS OIL & GAS COMPANY et al., Appellants,**

v.

**JIM NED INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 4393.

Court of Civil Appeals of Texas, Eastland.

May 29, 1970.

Rehearing Denied July 10, 1970.

Yates & Yates, Edmund C. Yates, Abilene, for appellants.

McCreary, Huey & Eskew, Doren R. Eskew, Austin, for appellee.

COLLINGS, Justice.

This is an appeal from a judgment dismissing plaintiffs' petition for a declaratory judgment and for an injunction, after plaintiffs' refusal to amend their pleadings. Harding Brothers Oil & Gas Company and Schkade Brothers Drilling Company brought suit against Jim Ned Independent School District alleging that plaintiffs were owners or operators of certain oil, gas and mineral leases situated within the bounds of defendant school district; that plaintiffs duly rendered their properties for taxation in said district and that thereafter the Board of Equalization of the school district met and increased the assessments on all of said properties, which assessments plaintiffs alleged were illegal and null and void.

Plaintiffs alleged that such assessments were illegal and void because; (1) the defendant school district surrendered its powers of finding the value of oil and gas properties to a nonresident private firm of tax consultants; that the Board of Equalization met in the expectation of adhering to the value as set by the firm of consultants; (2) that the tax consultants themselves used an arbitrary and erroneous system of fixing oil and gas values arrived at by multiplying the average daily production from a lease from the last three months from the preceding year by another figure which in turn varied depending on the production per well; that such system of valuation of oil properties was arbitrary in that the same value was fixed per well for all casing and tubing and recoverable personal property regardless of the depth of the well, or its age or the condition of the equipment; (3) that the firm of tax consultants was being paid by the defendant school district on a percentage basis of its valuations, so that the higher the valuations were fixed the more the firm received as a fee; (4) that the Board of Equalization in fixing the assessed value of such properties adopted and followed a discriminatory plan or design of assessment

in that it assessed producing oil and gas leasehold properties at fifty percent of the value as found and determined by the private tax consultants and on the other hand assessed farm and ranch land at no more than thirty five percent of its value as shown by actual sales of such lands in the district.

Plaintiffs prayed the court for a declaratory judgment decreeing that the assessments of their properties by the school board were null and void, and that the school district be enjoined from enforcing same, and for all other relief to which plaintiffs might show themselves entitled. Plaintiffs offered "to do equity in all things." The defendant school district, by its answer and exception urged that plaintiffs had failed to tender or offer to pay any sum as taxes on their said properties, and that they were "seeking equitable relief—without offering to do equity." Defendant contends that plaintiffs are therefore not entitled to equitable relief and prayed that plaintiffs' petition for a declaratory judgment and for injunctive relief be denied.

The trial court heard and considered the pleadings, statements, admissions and the argument of attorneys, including the special plea of the defendant urging that plaintiffs were seeking equitable relief without doing equity and sustained the special plea of the defendant. Upon plaintiffs' refusal to amend the court dismissed the suit. Harding Brothers Oil & Gas Company and Schkade Brothers Drilling Company have appealed.

In numerous points appellants contend that they were entitled to a declaratory judgment (2) as to whether the tax assessments against their properties were void by reason of being excessive, (3) as to whether the assessments were void by reason of alleged discrimination practiced in fixing values as between oil properties and other forms of properties, (4) as to whether the tax assessments were void by reason of the alleged arbitrary method of the school district in fixing values on the mere basis of recent average daily production regardless of other factors, (5) as to whether the assessments were void by reason of alleged unlawful delegation of authority in assessment to the private firm of tax consultants employed by the school district, (6) and as to whether the assessments were void because the private firm of tax consultants who allegedly made the assessments were paid in proportion to the values fixed by them and were therefore disqualified by self interest.

▉▉▉ Appellants' points are all overruled. Appellants have alleged that they rendered their properties for taxation for the year 1969, in due time, manner and form and do not claim that their properties are not subject to taxation. They further alleged that after such renditions the board increased the assessments on all of their properties and that such increased assessments were excessive, and arbitrary, and arrived at by unlawful delegation of authority and a self interest contract with tax consultants. Appellants sought to have the court hold that all of such increased assessments of their properties were null and void and that the defendant should be enjoined from enforcing same. However, appellants did not tender to the school district any amount of taxes whatever. As heretofore noted the school district contends that appellants were therefore seeking equitable relief without offering to do equity and that their prayer for a declaratory judgment and for an injunction should be denied. We agree with this contention. It is held that a tax payer is not entitled to injunctive relief against collection of school taxes on alleged grounds of excessive assessments unless he has offered to do equity by tendering in dollars and cents the amount of taxes owed under such tax payer's theory of valuation. Appellants' first point, contending in effect to the contrary, is overruled. McMahan v. Morgan, 151 S.W. 1123 (Tex.Civ.App., 1912, no writ history); State v. Hoffman, 109 Tex. 133,

201 S.W. 653 (1918); McGinnis v. Northwest Independent School District, 294 S.W. 2d 154 (Tex.Civ.App., 1956, error ref. n. r. e.); Republic Insurance Company v. Highland Park Independent School District, 123 S.W.2d 784 (Tex.Civ.App., 1938, error dismissed); Superior Oil Company v. Sinton Independent School District, 431 S.W.2d 383 (Tex.Civ.App., 1968, no writ history); Ramey v. City of Tyler, 45 S.W.2d 359 (Tex.Civ.App., 1932, no writ history).

Appellants particularly contend that under the Uniform Declaratory Judgment Act, Article 2524-1, Vernon's Ann.Tex.Civ. St., they were entitled to a declaratory judgment as to whether the tax assessments in question were void by reason of being grossly excessive, as to whether such valuations were void by reason of discrimination between oil properties and other forms of property or by unlawful delegation of authority of assessment to private tax consultants who were allegedly to be paid in proportion to the value fixed by them or by some other arbitrary means.

■ The general rule is that the trial court has discretion concerning a declaratory judgment. In Town of Santa Rosa v. Johnson et al, 184 S.W.2d page 340 (Tex.Civ.App., 1944, no writ history), it is held that the entry of a declaratory judgment is discretionary with the trial court. This is particularly true in tax cases. See 11 A.L.R. 359 and 360 where it is stated as follows:

"The courts will frequently refuse to enter declaratory judgments in controversies concerning taxes even though the statutes are broad enough to authorize the entry of a judgment. The courts have a discretion as to whether they will enter a declaratory judgment; they should proceed cautiously in tax cases to avoid interfering with the collection of revenues; and the cases are often such that the court ought to deny declaratory relief. Thus, the courts will refuse to enter a declaratory judgment concerning taxes where a judgment will not end the controversy which gives rise to the proceeding, * * *"

■ In Texas it has been held to be within the discretion of the trial court to enter a declaratory judgment which will end a controversy between the parties. Kimble v. Baker, 285 S.W.2d 425 (Tex. Civ.App., 1955, no writ history), but it is held not to be within the discretion of a trial court to enter a declaratory judgment which will not end the controversy. Joseph v. City of Ranger, 188 S.W.2d 1013 (Tex.Civ.App., 1945, ref. wom); 26 C.J.S. Declaratory Judgments § 82, pg. 197.

A suit for declaratory judgment is proper in tax suits such as Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709 (1945), where the action was for the purpose of obtaining a judgment declaring that plaintiffs were not motor carriers as defined by the tax statute and where the Comptroller and his deputy were endeavoring to compel the plaintiff to pay the tax imposed upon motor carriers. The answer to the question of whether plaintiffs therein were motor carriers as contemplated by the statute was determinative of the entire controversy between the parties. It was held by our Supreme Court that the declaratory judgment in that case was proper.

■ In the instant case the declaratory judgment sought by plaintiffs would not end the controversy. The ultimate controversy between these parties is the amount of taxes appellants should be obligated to pay to the school district for the taxable year in question. If appellants were granted their declaratory judgment holding the assessments complained of invalid for any or all of the reasons urged by them, the question of the amount of taxes due for the year would still be undecided. Another assessment by the school district might likewise be objectionable to appellants for additional reasons. It is not the purpose of the declaratory judgment act to allow a case to be tried piecemeal. Joseph v. City of Ranger,

supra. In our opinion the court exercised sound discretion and properly dismissed this suit for a declaratory judgment and for an injunction.

The judgment is affirmed.