Laura ZGLINSKI, Tax Assessor-Collector, et al., Appellants,

v.

Charles W. HACKETT, Jr., et al., Appellees.

No. 12576.

Court of Civil Appeals of Texas, Austin.

June 15, 1977.

Rehearing Denied July 6, 1977.

J. C. Hinsley, Michael G. Maloney, Austin, for appellants.

Douglass D. Hearne, Stayton, Maloney, Hearne & Babb, Austin, for appellees.

PHILLIPS, Chief Justice.

The appellants here are Laura Zglinski, the tax assessor-collector for the Del Valle Independent School District in Travis County, and the eleven-member Board of Trustees of that district.

Appellants are appealing from an order of the district court, granting a temporary injunction which enjoins them from levying or attempting to collect taxes on lands belonging to the plaintiffs below and appellees here.

We reverse and remand this cause with instructions.

This suit was instituted by appellees Charles W. Hackett, Jr., and Frances H. Clark, on October 25, 1976. On this same date the trial court granted a temporary restraining order without notice or hearing. Subsequently, the temporary restraining order was extended from time to time for reasons not pertinent here.

At a hearing held on November 24, 1976, the court granted appellees' request for a temporary injunction and enjoined appellants from levying or attempting to collect taxes from certain lands belonging to appellees based upon the plan, method or system of taxation used and employed by appellants in assessing and setting value on land in the school district for 1976, pending trial on the merits. Appellants then perfected their appeal to this Court.

Appellants' first point of error, which we sustain, is that of the trial court in overruling appellants' plea in abatement.

Appellees' original petition and application for injunction was filed on October 25, 1976. The petition contained allegations that unless appellants were restrained and enjoined from assessing appellees' lands for the year 1976, from levying and attempting to collect taxes from them on the lands described, from placing such assessments on the tax rolls, and from certifying and closing the tax rolls, appellees would suffer immediate, substantial, and irreparable injury and damage.

Appellants' answer filed in response to these pleadings contained a plea in abatement alleging that the Board of Equalization had completed its work, certified the tax rolls on October 18, 1976, and adjourned on that date. The plea further alleged that prior to the filing of appellees' petition, tax statements had been mailed by the appellant tax assessor-collector and that collection of taxes had begun. The plea further alleged that the tax system of the school district had been placed into effect before the institution of the suit now before us.

The evidence adduced at the hearing on temporary injunction held on November 24, 1976, disclosed that, without dispute, the Board of Equalization had met on October 18, 1976, heard appeals from taxpayers, including appellee Hackett, completed its work that day, approved the tax rolls that evening, and adjourned that same evening. The undisputed testimony further disclosed that many tax statements had been mailed out prior to the filing of this lawsuit on

October 25; and the appellant tax assessor-collector testified that when this suit was filed on October 25, nothing remained to be done to put the tax system into effect.

■ The trial court filed findings of fact and conclusions of law. The court found as fact that when this suit was filed, appellants had not mailed tax statements to appellees and had not commenced collection of taxes for 1976 as to appellees. The court then concluded as a matter of law that, as to appellees, the appellants' tax plan for 1976 had not been put into effect at the time this suit was instituted, and that the suit was timely filed.

We disagree. We hold that under the undisputed facts of the case, the tax plan had been put into effect and that, under the rule of law announced in *City of Arlington v. Cannon*, 153 Tex. 566, 271 S.W.2d 414 (1954), injunction will not lie. *Cannon* holds that the remedies of injunction and mandamus are lost to a taxpayer when he fails to avail himself of these remedies before the taxing authority has put the taxing plan into effect. From this point on, his relief becomes limited and he may defeat recovery of taxes only to the extent that they are excessive, and he must assume the burden of proving the amount of excessiveness.

Under the testimony before us, the tax assessor-collector testified that nothing remained to be done with respect to the 1976 tax plan. This is so even though appellees elicited testimony from her on cross-examination that she had not yet mailed back tax statements to appellee Hackett as of October 21. In any event, she testified that the Board of Equalization had approved these back taxes and any corrections that were to be made, on October 18 before it adjourned. Even so, back taxes allegedly owed by Hackett are not a part of this lawsuit as they were neither pleaded nor proved.

Nor are we impressed with the fact that appellees had not yet received their tax notices for 1976 on the date suit was filed. They already owed the taxes on that date, and the mailing of tax statements had been held to be no more than a courtesy. See Attorney General's Opinion No. WW 149, June 6, 1957.

■ Appellee Hackett also argues that at the hearing held before the Board of Equalization, the Board stated that they would advise him of their decision and that he did not receive notice of this decision until it arrived by mail the Friday before the Monday on which he filed suit. There are no allegations of fraud or deceit leveled against the Board here. In fact, the Board notified Hackett of their decision, which, in our judgment was nothing more than a courtesy and in no way bears upon the question of whether or not the taxing plan had been put into effect with respect to appellee Hackett's tax liability for 1976.

■ As early as *George v. Dean*, 47 Tex. 73 (1877), the Court held that there are two essential requisites to a valid tax, namely, a legal levy by the officer to whom the duty is committed by law, and a valid assessment of the property by the proper officer. This holding has been followed in *Dallas Joint Stock Land Bank of Dallas v. State*, 118 S.W.2d 941 (Tex.Civ.App.1938, no writ), where the court held a valid assessment had been made even where the tax assessor had failed to calculate and extend on the tax roll the amount of road tax levied against a parcel of land. Also see *Yorktown Independent School District v. Afflerbach*, 12 S.W.2d 130 (Tex.Com.App.1929, holding approved).

Appellees' reliance on *Sierra Blanca I.S.D. v. Sierra Blanca Corp.*, 514 S.W.2d 782 (Tex.Civ.App.1974, writ ref. n. r. e.); *Owens-Illinois, Inc. v. Little Cypress-Mauriceville I.S.D.*, 481 S.W.2d 477 (Tex.Civ. App.1972, no writ); and *Atlantic Richfield Co. v. Warren I.S.D.*, 453 S.W.2d 190 (Tex. Civ.App.1970, writ ref. n. r. e.), is misplaced. All of these cases hold that the taxpayer had filed suit before the tax plan had been put into effect.

In *Sierra Blanca* the assessor-collector was still considering affidavits filed by ranch owners requesting a reduction in valuation so the court concluded that the tax rolls were not yet closed before the suit was filed. In *Little Cypress* the court held suit

was filed before the tax rolls had been finally approved by the Board of Equalization and before the Board of Trustees had levied the taxes upon plaintiff's property. And although in *Atlantic Richfield* the factual sequence for the court's holding that the taxpayer's suit had been filed before the tax plan had been put into effect is somewhat unclear, nevertheless the court did so hold.

Appellants also have a point that the trial court erred in overruling their special exception leveled at the failure of appellees (plaintiffs below) to tender any payment of taxes or to allege that they were willing to pay such taxes as may be due. The record indicates that no tender was made by appellees until January 25, 1977. The record also indicates that the judgment was signed and entered on December 6, 1976.

In *Blanc v. Meyer*, 59 Tex. 89 (1883), the court held that a complaining taxpayer seeking to enjoin the collection of an allegedly illegal tax must tender payment of the taxes. The cases hold that in order to receive equity, the taxpayer must do equity and at least tender in dollars and cents the amount of taxes owed under such taxpayer's theory of valuation. *State v. Hoffman*, 109 Tex. 133, 201 S.W. 653 (1918); *Harding Bros. Oil & Gas Co. v. Jim Ned I.S.D.*, 457 S.W.2d 102 (Tex.Civ.App.1970, no writ). There was no timely tender of taxes here. The trial court erred in overruling appellants' special exception. Consequently, we must sustain appellants' point of error.

In view of our disposition of these two points, we reverse the judgment of the trial court and remand the cause for trial on the merits with instructions to dissolve the injunction.