Ray BURKLUND et al., Appellant,

v.

Charles W. HACKETT, Jr., et al., Appellees.

No. 1168.

Court of Civil Appeals of Texas, Tyler.

Dec. 14, 1978.

J. C. Hinsley, Austin, for appellant.

Douglass D. Hearne, Stayton, Maloney, Hearne & Babb, Austin, for appellees.

SUMMERS, Chief Justice.

This is an appeal from an order of the district court, granting a temporary injunction. Appellants, defendants below, include Ray Burklund, Edgar A. Smith, and Ernest O. Schneider, as the Board of Equalization for the Del Valle Independent School District, Laura Zglinski, Tax Assessor and Collector for the Del Valle Independent School District, the Board of Trustees for the Del Valle Independent School District, and the Del Valle Independent School District itself. Appellees, plaintiffs below, Charles W. Hackett, Jr. and Francis H. Clark, are landowners and the legal representatives of estates or trusts which own land within the Del Valle Independent School District. The temporary injunction, which is the subject of this appeal, enjoins appellants from placing the presently proposed values for appellees' property upon the tax rolls, from approving the tax rolls insofar as it concerns appellees' property, and from levying or attempting to collect taxes from appellees based upon the presently proposed values placed upon appellees' property pending the trial of the case on the merits.

The Board of Equalization had scheduled but one day, October 31, 1977, on which to hear taxpayer appeals. Appellee Hackett appeared before the Board on behalf of all appellees and presented his appeal in the morning. Later that same day, this suit was initiated and a temporary restraining order was issued by the district court

against appellants. Subsequently, the district court extended the temporary restraining order three times for a total of twenty-one days. Appellees' first amended petition alleged that appellants intended to apply an unconstitutional plan or system of taxation to appellees' property and that if such a system of taxation were allowed to go into effect, the result would be immediate, irreparable, and substantial injury to appellees.

A hearing on the temporary injunction was held and evidence submitted to the trial court. At the conclusion of the hearing, the district court issued the order which is the subject of this appeal. The recitations in the order granting the temporary injunction relate the trial court's findings that appellees had shown a probable right and probable injury. The district court found that the proposed valuation scheme, which failed to take into account the reasonable cash market values of land in the district, was based upon a series of five categories. If such a system of taxation were put into effect, appellees would suffer irreparable and substantial injury for which no adequate remedy at law existed. Therefore, the district court concluded that appellees were entitled to a preservation of the status quo of the subject matter of this suit pending a final trial on the merits. From this adverse order, appellants have perfected this appeal predicated upon nineteen points of error.

■ As an appeal from an interlocutory order granting a temporary injunction, we must be cognizant of the limited scope of appellate review to be applied. In a suit for temporary injunction, the trial court is endowed with broad discretion to either grant or deny the application. *Railroad Commission v. Shell Oil Company,* 146 Tex. 286, 206 S.W.2d 235, 242 (1947). The sole question to be addressed by the appellate court is whether the trial court's action constituted a clear abuse of discretion. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.Sup. 1978); *Janus Films, Inc. v. City of Fort Worth,* 163 Tex. 616, 358 S.W.2d 589 (1962); *Texas Foundries, Inc. v. International*

*Moulders & Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460, 462 (1952).

Appellants' first point of error complains that the trial court erred in granting the temporary injunction because the undisputed evidence established that appellants had neither made nor announced any determination as to what values would be placed on appellees' land for tax purposes or when the Board of Equalization would adjourn. Therefore, argue appellants, any conclusion as to what action would be taken by appellants is pure speculation and may not be the basis of injunctive relief. The primary thrust of appellants' contention is that appellees filed suit too early. Appellants argue that there was no evidence that they would have approved the appraised values submitted by the tax assessor, certified the tax rolls, and adjourned before appellees could initiate a suit for injunctive relief and therefore, appellees should have waited until the Board of Equalization disposed of the taxpayer appeals and assessed their property values. We disagree.

■ The remedies available to an aggrieved taxpayer vary significantly, depending on whether suit is filed before or after the tax plan is put into effect. In order to avail himself of the remedies of mandamus and injunction to prevent a taxing agency from utilizing a fundamentally erroneous or illegal plan, a direct attack must be made before the tax plan is put into effect. *City of Arlington v. Cannon,* 153 Tex. 566, 271 S.W.2d 414, 416 (1954). The courts grant relief upon proof of the adoption of a fundamentally erroneous plan of taxation, the application of which substantially injures the aggrieved taxpayer. *State v. Whittenburg,* 153 Tex. 205, 265 S.W.2d 569, 573 (1954). The sole question presented to the trial court in a hearing for temporary injunction is whether the applicant is entitled to preservation of the status quo. If the plan of taxation is already in effect, preservation of the status quo would require keeping the taxing scheme and tax rolls approved under the allegedly erroneous scheme already adopted. Therefore, where the taxpayer fails to avail himself of

the remedies of mandamus and injunction to prevent the plan of taxation from going into effect, his right to relief is limited. *City of Arlington v. Cannon,* supra. The litigant may then defeat recovery of the taxes only to the extent they are excessive and he must assume the burden of proving excessiveness. The onerous burden of proving the precise dollar amount of the increased tax burden is the penalty borne by the taxpayer for sitting idly by while the fundamentally erroneous plan of taxation was put into effect. *Whelan v. State,* 155 Tex. 14, 282 S.W.2d 378, 383 (1955); *City of Arlington v. Cannon,* supra, 271 S.W.2d at 417; *Atlantic Richfield Company v. Warren Independent School District,* 453 S.W.2d 190, 198 (Tex.Civ.App.—Beaumont 1970, ref'd n. r. e.). If the aggrieved taxpayer's taxes and valuations are not excessive, even though a fundamentally erroneous plan of taxation was employed, he is not entitled to relief. *McPhaul v. City of Lubbock,* 401 S.W.2d 705, 707 (Tex.Civ.App.—Amarillo 1966, ref'd n. r. e.).

In the instant case, it is undisputed that appellees filed this suit and a temporary restraining order issued while the Board of Equalization was still in the process of hearing taxpayer appeals and prior to any public announcement of the Board's disposition of appellees' challenge. Appellees respond to appellants' claim, that there was no basis for injunctive relief because the suit was prematurely filed, by submitting that the case should be considered in light of the past acts and practices of appellants. Appellee Hackett had appeared before the Board of Equalization in both 1975 and 1976. In 1975, the Board convened on August 18th, appellee Hackett appeared before the Board on that date, and the Board completed its work and adjourned on that same date at 2:10 p. m. Once again in 1976, the Board followed a similar pattern. The Board of Equalization met on October 18, 1976, heard taxpayer appeals, including appellee Hackett, completed its work on that date, approved the tax rolls that evening, and adjourned that very same evening. A suit was initiated on October 25, 1976, which was between essentially the same

parties and over the same property as the case presently before us. The trial court granted the application for temporary injunction and defendants perfected their appeal. The order of the trial court was reversed and the cause remanded with instructions to dissolve the temporary injunction. *Zglinski v. Hackett,* 552 S.W.2d 933 (Tex.Civ.App.—Austin 1977, ref'd n. r. e.). The Austin court held that under the rule of *City of Arlington v. Cannon,* supra, the tax plan had already been put into effect and therefore injunction would not lie. Nothing remained to be done to put the 1976 tax plan into effect and the fact that appellees had not yet received their tax notices when the suit was filed was of no importance. *Zglinski v. Hackett,* supra at 935.

The evidence presented during the hearing on the application for temporary injunction in the instant case shows that only one day had been scheduled by the Board of Equalization to hear taxpayer appeals. The evidence also·shows that the tax assessor-collector had the tax statements for 1977 in her office waiting for the Board's approval of the tax rolls. In addition, the record reflects that appellees' counsel asked the chairman of the Board of Equalization whether sufficient time would be afforded appellees, after receiving notice of the Board's disposition of their case and prior to adjournment, in order to file their lawsuit. Appellees allege that the chairman's only response was that Mr. Hackett would be informed of the Board's answer in writing at a later time.

█ Generally, past acts and practices will not furnish a basis for injunctive relief unless it is shown that they probably will recur. *Combined American Insurance Company v. City of Hillsboro,* 421 S.W.2d 488, 489 (Tex.Civ.App.—Waco 1967, ref'd n. r. e.); *Panola County Commissioners Court v. Bagley,* 380 S.W.2d 878, 884 (Tex.Civ.App.—Texarkana 1964, ref'd n. r. e.); *Rowan v. Pickett,* 237 S.W.2d 734, 738 (Tex.Civ.App.—San Antonio 1951, n. w. h.). See also *Luccous v. J. C. Kinley Company,* 376 S.W.2d 336, 341 (Tex.Sup.1964). Where a

taxpayer challenges the imposition of taxes upon his property in a direct attack upon a constitutional infirmity and prosecutes his suit with diligence, that is all we should require. *Atlantic Richfield Company v. Warren Independent School District,* supra at 196. In the instant case, the record clearly shows that appellants have attempted to maintain appellees' perch upon the horns of a dilemma. Should appellees await the Board's disposition of their case, as they have done in the past, appellants may put the tax plan into effect and present appellees with the onerous burden of proving excessiveness. Where appellants refuse to inform appellees of when the Board will adjourn or if the opportunity to file suit will be afforded, then appellees are confronted with the contention that their suit is premature, if filed before the Board acts and the tax plan put into effect. The evidence demonstrates appellants' efforts to eliminate the opportunity to mount a direct attack for injunctive relief regardless of the diligence employed by appellees. We do not believe the trial court abused its discretion by refusing to allow appellants to thrust upon appellees this onerous burden and appellants' first point of error is overruled.

 Appellants' eighth and ninth points of error contend that the trial court erred in overruling appellants' motion to strike the testimony of T. E. Wiley and in admitting such testimony over the appellants' objections. This was error, contend appellants, because such testimony was based on information secured in violation of Disciplinary Rule 7–104 of the Code of Professional Responsibility, Article 320a–1, App., article 12, section 8, canon 7, Tex.Rev.Civ.Stat.Ann. Mr. Wiley's testimony concerned the comparative values and assessments of lands in the Del Valle Independent School District. This testimony was based, in part, upon information obtained from the property tax record cards located in the office of the tax assessor-collector. Since appellant Zglinski, the tax assessor-collector, was a party to this lawsuit, appellants argue that a violation of DR 7–104, supra, occurred and the testimony should not have been admitted.

This argument is clearly without merit but since it is urged, we will address it briefly. Disciplinary Rule 7–104, supra, provides in part that:

"(A) During the course of his representation of a client a lawyer shall not:

(1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter *unless he* has the prior consent of the lawyer representing such other party or *is authorized by law to do so.*" (Emphasis added.)

No violation of DR 7–104, supra, occurred because the information sought to be obtained from appellant Zglinski, in her capacity as tax assessor-collector for the Del Valle Independent School District, was public information, and appellees were entitled to request such information by virtue of the Texas Open Records Act, Article 6252–17a, Tex.Rev.Civ.Stat.Ann. The single case cited by appellants in support of their position, *Day & Zimmerman, Inc. v. Strickland,* 483 S.W.2d 541 (Tex.Civ.App.—Texarkana 1972, ref'd n. r. e.), is inapposite to the instant case. Appellants' points of error nos. 8 and 9 are hereby overruled.

 Appellants' second through seventh points of error may be summarized as attacking the trial court's action because there was "no evidence" or, in the alternative, "insufficient evidence" to support the order granting a temporary injunction. An applicant need not prove that he will prevail upon a final trial on the merits in order for a temporary injunction to issue. *Sun Oil Company v. Whitaker,* 424 S.W.2d 216, 218 (Tex.Sup.1968). The sole question presented on appeal is whether the trial court clearly abused its discretion in granting or denying the application for temporary injunction. *Oil Field Haulers Association v. Railroad Commission,* 381 S.W.2d 183, 191 (Tex.Sup.1964). There is no abuse of discretion by the trial court in granting a temporary injunction where the applicant has pleaded and adduced evidence tending to prove (1) a probable right to the relief

sought upon a final trial on the merits, and (2) probable injury in the interim. *Sun Oil Company v. Whitaker,* supra; *Oil Field Haulers Association v. Railroad Commission,* supra; *Transport Company of Texas v. Robertson Transports, Inc.,* 152 Tex. 551, 261 S.W.2d 549, 552 (1953). When an attack is made because an arbitrary plan or scheme of taxation has allegedly been employed, the taxpayer cannot prevail by merely showing the adoption of an arbitrary and illegal plan or scheme. Relief may be granted by the courts only where the taxpayer has shown that a fundamentally erroneous scheme or plan of taxation has been adopted, the application of which will substantially injure the litigant.

■ In the instant case, there is evidence in the record which tends to show that the taxing scheme employed by the Del Valle Independent School District was arbitrary and unconstitutional because the appraisal and assessment of unimproved rural property was not based upon its fair market value. A system of five categories had been established, each with an assigned range of values, which included (1) unimproved ranch land ($150–200 per acre), (2) rocky farmland ($200–225 per acre), (3) fair farmland ($225–275 per acre), (4) good farm and ranch land ($325–350 per acre), and (5) very good farm and ranch land ($400–500 per acre). This system had been employed in the past and was intended to be utilized again in 1977. In order to appraise the value of a particular tract of rural property, the property was plugged into one of the categories, and the resulting value determined by referring to the applicable range. The fair market value of the property was immaterial and not considered.

In addition, there was evidence adduced which tended to show that the application of this taxing scheme resulted in substantial injury to appellees. The fair market value of appellees' land was approximately $400.00 per acre. On the basis of proposed appraised values, it was determined that under the present taxing scheme appellees' land was appraised at 100–101% of fair market value. A real estate appraiser, T.

E. Wiley, testified concerning a study he had conducted to determine the ratio of assessed value to fair market value in the Del Valle Independent School District. On the basis of his analysis of representative tracts of raw rural property, Mr. Wiley concluded that, as a whole, raw rural land in the Del Valle Independent School District was appraised at 33.97% of its fair market value. Under the present taxing scheme, appellees' estimated tax burden would be $9,655.33. However, if an uniform and equal system of taxation based upon fair market value was employed, appellee Hackett testified that appellees' total tax burden would be reduced to approximately $5,000.00.

We believe that there is evidence in the record tending to show a probable right and probable injury. Appellants' second through seventh points of error are hereby overruled.

■ Appellants' tenth point of error contends that the trial court erred in extending the temporary restraining order against appellant three times prior to hearing the application for temporary injunction. Appellants cite no case authority in support of this position. In light of the fact that the temporary restraining order is no longer in force and appellants are presently under a temporary injunction, appellants tenth point of error is moot and therefore overruled.

■ Appellants' eleventh through nineteenth points of error contend that the trial court erred in overruling nine special exceptions which appellants had directed at appellees' first amended petition. We have reviewed appellants' points and find them to be without merit. Appellees' petition was sufficient to inform appellants of the cause of action asserted and it was not necessary for appellees to plead the evidence upon which they would rely to sustain their allegations. Appellants' points of error Nos. 11 through 19 are overruled.

We have reviewed all points of error raised by appellants and find them to be without merit. The order of the trial court

granting the temporary injunction pending a final trial on the merits is affirmed.