## PATRICK v. CITY OF TAFT et al.
### No. 8869.

Court of Civil Appeals of Texas. San Antonio.

June 29, 1932.

Rehearing Denied July 27, 1932.

E. B. & Howell Ward, of Corpus Christi, for appellant.

Russell Savage and Boone & Raymer, all of Corpus Christi, for appellees.

COBBS, J.

J. D. Patrick, appellant, brought this suit against the city of Taft et al., appellees, to enjoin the levy of certain taxes against his property for the year 1930, to perpetually restrain the issuance of two certain bond issues, to restrain the defendant bank from collecting certain alleged indebtedness of the city, and, further, to invalidate the assessment against his property because of the improper action of the equalization board.

The defendants answered by general demurrer, special exception, and general denial, set up a cross-action upon which no proof was offered, and it was adjudged that defendants take nothing thereby. Motion of defendants for an instructed verdict was granted, and judgment was rendered on October 30, 1931, a motion for new trial was filed October 31, and on the same day overruled. Plaintiff gave notice of appeal at that time, and on November 9 filed his appeal bond herein.

Appellant attacks the assessment against his property, alleging that the city is without authority to borrow money upon its notes or warrants for other than its ordinary and current expenses; that it is without authority to issue its warrants in the manner attempted, negotiable in form, and levy a tax to create a sinking fund therefor, without a vote of the people, as required by the Constitution; and that the value of plaintiff's property was arbitrarily increased from $3,550 to $6,600 in order to meet the needs of the city for increased taxes and to create a market for its proposed bond issues and not for the purpose of equalizing values between the various property taxpayers in the city.

The record shows the appointment of the board of equalization. After making the equalizations, corrections, and appraisements, the board ordered notices to issue to each taxpayer whose taxes had been increased or decreased to appear before the board at a time and place designated, to show cause, if any, why the valuations should not be raised or lowered.

The record shows that the board very carefully investigated the values of properties in the city of Taft and endeavored in every way to arrive at a fair, uniform, and equal valuation of properties for taxation. For the purpose of realizing the amount of revenue required for the necessities of the city, the board determined that 60 per cent. of the values found by them would be sufficient to provide that amount of revenue, and upon that basis made their equalization and assessment. The board was familiar with values and reached their determination in an honest effort to fairly and uniformly equalize the values of the city. There was no discrimination, and the values placed by them resulted in the tax rate being lowered from $1.50 the previous year to $1.18 for the year complained of.

The board was appointed under authority of article 1048 and acted under the provisions of articles 1049 to 1056, inclusive. The action of the board was approved by the city council. The actions of the board were fair, and there is no discrimination shown.

█ This suit is a collateral attack upon the judgment, and there was no evidence to substantiate the pleadings, for the evidence was conclusive that there was no discrimination. The standard of uniformity prescribed by the Constitution is the value of the property ascertained by the same standard. Porter v. Langley (Tex. Civ. App.) 155 S. W. 1042, 1047: Lively v. Railway, 102 Tex. 545, 120 S. W. 852.

There was no attempt made by Patrick to show that there was any discrimination in fixing the valuation on his property and the valuations on any other properties within the city. Norris v. City of Waco, 57 Tex. 635, 641.

█ The questions were all of law and all to be determined by the court. Appellant did not offer to do equity and did not tender or offer to pay what he conceived to be the proper tax, but sought to enjoin absolutely the collection of any tax. This in itself was sufficient to justify the denial of any equitable relief.

298

The Legislature passed a law in which "all funding and refunding notes, bonds, warrants, time warrants and treasury warrants heretofore issued or authorized to be issued and attempted to be issued by any and all cities in the State, whether or not incorporated under General or Special Laws," were in all respects validated. Acts 42d Leg. (1931), 1st Called Sess., p. 85, chap. 40, § 1 (article 2368b, § 1 Vernon's Ann. Civ. St.).

The same principle was upheld in Sims et al. v. State ex rel. Isensee et al. (Tex. Com. App.) 12 S.W.(2d) 540.

We have carefully considered all questions raised, and reached the conclusion that no error has been committed. We affirm the judgment.

*On Motion for Rehearing.*

PER CURIAM.

It is believed by the court that the result declared in the original disposition of the case is correct, and should be adhered to. It is perhaps true, as appellant contends, that all the questions raised are not discussed and disposed of in desirable detail or accuracy in the original opinion, but the near approach of the summer adjournment, together with the usual congestion at such time, renders it impracticable to undertake an elaboration or restatement of the opinion before adjournment, and it is not deemed desirable to defer action upon appellant's motion to the next term.

We conclude that the appeal has been correctly disposed of, and, with one or two clerical corrections in the original opinion, the motion will be overruled.