**SUPERIOR OIL COMPANY, Appellant,**

v.

**SINTON INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

No. 334.

Court of Civil Appeals of Texas.
Corpus Christi.

July 25, 1968.

Pat F. Timmons, Houston, Harry Burnett, Burnett & Joseph, Sinton, for appellant.

E. G. Aycock, Fort Worth, for appellees.

## OPINION

GREEN, Chief Justice.

This suit was filed by appellant The Superior Oil Company against appellees Sinton Independent School District and the members of the latter's Board of Trustees, its Tax-Assessor-Collector, and the members of its Board of Equalization for the year 1966. Appellant sought a permanent mandatory injunction to stay the collection of taxes fixed in amount by resort to an allegedly illegal arbitrary fundamentally wrong scheme of taxation. The judgment appealed from denied such relief.

Appellant summarizes its contentions in its brief as follows:

"First: Appellant's mineral property has been so grossly over-valued as to make the valuation fraudulent and illegal.

Second: Appellant has been substantially injured either in percentage ratio of assessment or in dollars and cents of tax rate or both, because Appellees systematically and deliberately omitted taxable cash on hand and taxable bank deposits from tax rolls.

Third: Appellant has been substantially injured either in percentage ratio of assessment or dollars and cents of tax rate or both, because Appellees systematically and deliberately omitted taxable personal motor vehicles from the tax rolls.

Fourth: Appellant has been substantially injured either in percentage ratio of assessment or in dollars of tax rate or both, because Appellees have systematically and deliberately placed taxable lands in the School District on the tax roll at less than 40% of the actual market value in cash.

Fifth: Appellees have embarked upon an illegal, arbitrary, fundamentally wrong scheme for the year 1966 which substantially injured Appellant and is void as a matter of law.

Sixth: Appellant is substantially injured in dollars of tax rate because the School Board of Trustees abused its discretion in the fixing of tax rate of the year 1966.

Seventh: Appellant was entitled to have the value of its mineral properties for taxation determined by an entrinsic value calculation and the court erred in prohibiting it from doing so.

Eighth: Appellant challenges as the cases make necessary the constitutional sufficiency of certain prerequisites to the maintenance of suit by an aggrieved taxpayer."

Trial was had before the court and jury, and after several days of testimony the jury brought in its verdict wherein it found (1) that the actual cash market value of the oil properties of appellant situated in appellee district as of January 1, 1966, was not less than $36,922,650.00; (2) unanswered; (3) that the value of such properties on such date was $36,922,650.00; (4) that appellant was not substantially injured by its oil properties being so valued; (5) that the assessed valuation on appellant's oil properties for 1966 was not grossly excessive; (6) that appellee Board of Equalization did not determine the amount of money to be raised by taxation and fix the value for properties taxed by it without regard to actual cash market value; (7) unanswered; (8) that the Board of Trustees of the school district did not abuse its discretion in fixing a tax rate

for 1966 which raised more taxes for the year than were needed; (9) unanswered; (10) that appellant was not substantially injured by the omission, if any, of taxable personal motor vehicles from the 1966 tax rolls of appellee; (11) that money on hand and deposited in banks had not been systematically and deliberately omitted from appellee's 1966 tax rolls; (12) unanswered; (13) that farm land and city real estate were not systematically and deliberately assessed on appellee's tax rolls at less than 40% of their actual cash market value on January 1, 1966; (14) unanswered; (15) that the bulk of properties in appellee school district, other than the oil properties of appellant were not systematically and deliberately assessed on appellee's tax rolls at less than 40% of their actual cash market value on January 1, 1966; (16) unanswered.

Before the filing of this suit appellant had duly submitted to appellee's tax assessor-collector its rendition of its properties for tax purposes for the year 1966. Thereafter appellee District timely notified appellant of its intention to readjust its assessment, and gave notice of a hearing to be held by appellee's Board of Equalization. The hearing before the Board was held on June 30, at which hearing appellant appeared by its attorneys and tax officials, and both parties introduced testimony. At the end of this hearing, the Board by due resolution fixed the valuation of appellant's mineral properties at the figure testified to by appellee's expert witness. Appellant promptly filed its protest to such assessment. Thereafter, the Board continued in session until July 27, 1966, at which time it adjourned for all purposes other than the examination, correction and approval of the tax rolls. These rolls were corrected and approved by the members of the Board on August 26, 1966. This suit for mandatory injunction was filed in the district court of San Patricio County on July 29, 1966, two days after the Board of Equalization had tentatively adjourned, and 30 days prior to the final correction of the tax rolls. Under such circumstances, this

suit is a direct attack upon appellant's tax plan as it concerns appellant's properties, filed prior to the plan having been put into effect, and the principles of law apply as set forth in City of Houston v. Baker, Tex.Civ.App., 178 S.W. 820, wr. ref. and City of Wichita Falls v. Cooper, Tex.Civ. App., 170 S.W.2d 777, wr. ref. both cited with approval in City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414, 416.

■ According to such authorities, in a suit of this nature the burden was on the appellant as plaintiff in the trial court to prove by a preponderance of the evidence that the taxation plan adopted by appellee was arbitrary, discriminatory and fundamentally erroneous and illegal and that the appellant would be potentially injured if such system is put in effect. As stated by the Supreme Court in City of Arlington v. Cannon, supra, and quoted in State v. Federal Land Bank of Houston, 160 Tex. 282, 329 S.W.2d 847, 849:

"The *deliberate* adoption of a plan for the omission from the tax rolls of a *large volume* of property, personal or real, is in direct contravention of constitutional and statutory provisions for equality and uniformity of taxation. * * *" (Emphasis added)

■ By its points of error 1–5 inclusive appellant raises the contention that the answer of the jury to special issue No. 6 supra was not supported legally or factually by the evidence. We overrule these points. The evidence of the members of the Board of Equalization, as well as that of appellee's Trustees who testified and appellee's expert witness was that the valuation placed on appellant's oil properties was based on evidence of the actual market value of such properties. The jury, in our opinion, was well justified from the testimony in answering such issue as it did.

Appellant does not question by any point of error the answer of the jury finding the actual cash market value of appellant's properties to be the sum fixed as such by the appellee's Board. Special Issues Nos. 1, 3, 4, 5.[1] However, since in appellant's discussion and argument under these points it does question such valuation as being excessive, we shall note here that a reading of the lengthy statement of facts convinces us that an issue of fact was raised by the evidence of appellant's expert witnesses on valuation as contrasted with the evidence of appellee's valuation expert, and it appears clear that the jury, as was its prerogative, evidently believed the latter.

■ Our courts have repeatedly held that the decisions of taxing boards in the matter of valuations are quasi-judicial in nature, and in the absence of fraud or other obvious violation of the law such decisions are not subject to collateral attack. State v. Houser, 138 Tex. 28, 156 S.W.2d 968. The opinion in Aycock v. Travis County, Tex. Civ.App., 255 S.W.2d 910, wr. ref., quotes from Druesdow v. Baker, Tex.Com.App., 229 S.W. 493, 495, affd. 263 U.S. 137, 45 S.Ct. 40, 68 L.Ed. 212, as follows:

" * * * The process used by the Board in reaching its preliminary valuation is wholly immaterial, the ultimate conclusions or final valuations being the matters under investigation; and unless it be shown that the method used brought about unjust and unlawful results, its judgment will not be disturbed."

We have found no evidence in the record which would subject the decision of the Equalization Board to the attack directed on it by appellant's points 1–5 inclusive.

■ Appellant's points 6–10 inclusive constitute an attack upon the jury's answer to special issue No. 11 supra concerning the failure to assess cash and bank deposits. While the evidence showed that bank accounts in the school district were omitted from the tax rolls there was evidence that such omission was not the result of

1. The answer of the jury was based on 100% of market value. The ratio of assessed valuation was fixed at 40%.

a deliberate, arbitrary and systematic illegal scheme to cause such taxable property to escape taxation. Appellee does not contend, as the taxing authority did in Whelan v. State, 155 Tex. 14, 282 S.W.2d 378, that bank deposits are not taxable. The testimony of appellee's tax-collector was that he recognized that bank deposits of residents of the district were subject to taxation, and that he attempted to secure information concerning taxable bank accounts, but that he was unable to secure same. Members of the Board of Equalization testified that it was not their intention to omit any taxable property from the rolls. There was no evidence of any amount of money in the banks to the credit of residents of the district actually subject to taxation, and appellant did not seek to prove by any witness the existence or amount of any taxable sums of money on deposit. Wilson v. City of Port Lavaca, Tex.Civ.App., 407 S.W.2d 325, wr. ref., n. r. e. The most that can be said from appellant's standpoint on this matter is that a fact issue such as was given to the jury (No. 11) was raised. The jury's answer, which we hold to be based on sufficient evidence legally and factually, settled the question against the contentions of appellant. Points 6 to 10 inclusive are overruled.

By its points Nos. 11–16 inclusive appellant raises the contention that because the evidence showed that personally owned cars were systematically and deliberately omitted from the tax rolls, and that it was substantially injured thereby the trial court erred in overruling appellant's motion for instructed verdict and motion for judgment n. o. v. based on such independent ground of relief. It also contended that there was no evidence and insufficient evidence to support the jury's answer to special issue No. 10, supra.

█ It was not sufficient to satisfy its burden that appellant show a mere absence from the rolls of certain taxable property. Skinner Corp. v. Calallen Independent

School Dist., Tex.Civ.App., 409 S.W.2d 929. It was required to establish a deliberate and arbitrary omission of a substantial volume of taxable property. As stated in Whelan v. State, supra: (282 S.W.2d p. 383)

"In State v. Whittenburg, [153] Tex. [205], 265 S.W.2d 569 and City of Arlington v. Cannon, [153] Tex., [566], 271 S. W.2d 414, we recognized that a taxpayer was entitled to relief when by a deliberate and arbitrary preconceived plan of taxing authorities large amounts of property, owned by others, was omitted from the tax rolls. * * *"

█ Appellee's tax collector-assessor testified that the district had in the past tried to tax personally owned cars, but that the money produced by such tax did not equal the expense of attempting to collect same, and that he did not include such cars on his rolls for 1966. The members of the Board testified that they intended to and did include on the rolls all taxable property coming to their attention. The evidence on this matter produced a fact issue as to whether such omission was a preconceived deliberate and arbitrary one as to the school district and its taxing authorities. No such issue was submitted to the jury and none was requested by appellant. The burden of proof being on appellant to establish the affirmative of this question, in the absence of such jury finding the issue was waived. Rule 279, Texas Rules of Civil Procedure.

There was no legally admissible evidence in the record that a large volume of taxable property was omitted. The total tax roll, when reduced to the assessed ratio of 40% of actual cash value, amounted to $60,017,005.00. Appellant's portion of such total when reduced to said 40% of actual market value was $14,769,-000.00. Appellant's contention was that a total value of approximately $500,000.00 in personally owned cars, or assessed valuation of 40% of that figure, being $200,-000.00, was omitted. If the evidence is

considered as showing that this figure should have been added to the $60,017,005.00 assessed valuation, it could not have materially increased such total so as to have materially affected appellant's taxes.

However, appellant did not establish by any legally admissible testimony any market value of cars omitted from the rolls, and there was no admissible evidence that "large amounts of property owned by others" was omitted.

■ As evidence to prove the value of such omitted personally owned cars, appellant offered the testimony of the witness Joseph, an attorney for appellant, as to the assessed values placed on the automobiles of residents of the school district on the county tax rolls by the tax assessor of San Patricio County. This evidence was admitted over the objection of appellee but was limited by the court solely for the purpose of showing what the county tax assessor's values were. The testimony was not admissible as evidence of value. The rule is well established that the value at which one taxing body may assess property for taxation for its purposes is wholly immaterial and irrelevant as to what value another may assess it for its purposes. Ferguson v. Academy Consol. Independent School Dist., Tex.Civ.App., 14 S.W.2d 1051, wr. ref.; Aycock v. Travis County, Tex. Civ.App., 255 S.W.2d 910, wr. ref.

Appellant's points of error Nos. 11–16 inclusive are overruled.

■ Points of error Nos. 17–20 inclusive concern themselves with the alleged legal and factual insufficiency of the evidence to support the jury's answer to special issue No. 13. The *most* that can be said of appellant's contention that farm land and city property were systematically and deliberately assessed on appellee's tax rolls at less than 40% of their actual cash market value on January 1, 1966, was that a fact issue was created by the testimony and denials on that subject by appellee's witness-es. This issue was decided adversely to appellant by the jury. Points 17–20 inclusive are overruled.

Point of error No. 21 reads:

"The trial court erred in failing to grant Appellant's Motion for Judgment n. o. v. with regard to Special Issue No. 8 on the ground that the Board of Trustees of Sinton I.S.D. abused its discretion in fixing the School District tax rate for the year 1966 at a level which raised more tax revenues for the year than were required by the budget adopted."

■ The tax rate set by the appellee was $1.665 on each $100.00 assessed valuation. There is no contention that such rate is in excess of the statutory limits. If the amount collected by appellee on its tax rate on the assessed valuation, if and when it is collected, should be in excess of its actual needs (and the evidence does not support appellant's contention that it does establish this as a matter of law) this would be no cause for declaring the tax rate invalid or illegal unless a fraudulent purpose in making the levy was proved. So long as the levying officers keep within the statutory limits, the courts will not inquire into the discretionary powers of the taxing authorities, or the necessity for the amount of the levy, and except in a case of clear abuse of discretion, the courts will not interfere to increase or reduce the amount of the levy, which is within the reasonable authority and discretion of the taxing authorities. Texas Co. v. Panhandle Independent School Dist., Tex.Civ.App., 72 S.W. 2d 957, wr. ref. We copy from this latter opinion a quote from 3 Cooley Taxation (4th Ed.) 2088, § 1031, as follows:

"The rate necessary to produce the amount required is largely within the discretion of the levying officers, since it is uncertain what the deficiencies in collection will amount to. But while local authorities have a reasonable discretion in providing in advance for necessary taxes, the courts may interfere if

the discretion is abused by raising taxes faster than they are needed. *A levy for future needs is invalid as excessive only when so excessive as to show a fraudulent purpose in making the levy."* (emphasis added)

■ The verdict of the jury on this question (Special Issue No. 8) was adverse to appellant's contention. Point No. 21 is overruled.

■ Appellant's points Nos. 22 and 23, together with the statement thereunder, constitute a summary of all other points. being to the effect that the trial court erred in failing to hold that appellee's plan of taxation was an illegal, arbitrary fundamentally illegal scheme, and to hold that appellant was substantially injured thereby. For all the reasons herein stated, such points are overruled.

Points Nos. 24 and 25 deal with the court's refusal to grant appellant's request to submit to the jury a special issue as to the intrinsic value of appellant's oil properties, and to the exclusion of the testimony of a witness for appellant concerning the intrinsic value of such property.

■ The rule is stated by the Supreme Court in Whelan v. State, supra, as follows:

" * * * Intrinsic value is the basis for arriving at assessed valuation only when there is evidence that the property has no market value. Harlingen Independent School Dist. v. Dunlap, Tex.Civ. App., 146 S.W.2d 235, 237, writ refused; City of Austin v. Cannizzo, Tex. [153 Tex. 324], 267 S.W.2d 808, 812; West Texas Hotel Co. v. City of El Paso, Tex. Civ.App., 83 S.W.2d 772, no writ history. * * * "

See also Art. 2792a, Vernon's Ann.Tex. Civ.St.

■ There was no evidence that the property here involved had no market value. Appellant's qualified witnesses as well as those of appellee testified concerning its actual market value. The witness by whom appellant sought to introduce testimony of intrinsic value gave evidence of the market value of the properties. Points Nos. 24 and 25 are overruled.

The judgment of the trial court denying appellant's prayer for injunction is affirmed.

## CROSS-APPEAL OF SINTON INDEPENDENT SCHOOL DISTRICT

In order to comply with the requirement that one who seeks relief from a court of equity must offer to do equity,[2] plaintiff Superior Oil Co. in its petition tendered and paid into the registry of the trial court the sum of *$204,501.96* which it alleged would be the amount of school district taxes at the fixed tax rate of $1.665 per hundred dollar assessed value on the valuation of its mineral properties in the district as contended for by appellant, i. e., $30,706,000.00, which reduced to the assessment ratio of 40%, would be $12,282,400.00. Prior to the trial defendant School District filed a motion that this sum be ordered paid to it by payment of same to its tax assessor-collector, plaintiff to receive credit for such amount on the total of taxes finally adjudicated to be due School District by plaintiff company, and said payment to be made wholly without prejudice to the contentions of the parties in this litigation. Plaintiff Superior filed its objections on the ground that the tender was conditional upon the final outcome of the cause on its merits, and upon the District's acceptance of such sum in full payment of appellant's tax debt

2. See Blanc v. Meyer, 59 Tex. 89; State v. Hoffman, 109 Tex. 133, 201 S.W. 653; Patrick v. City of Taft, Tex.Civ.App., 52 S.W.2d 297, wr. dism.; McGinnis v. Northwest Independent School District,

Tex.Civ.App., 294 S.W.2d 154, 158, wr. ref. n. r. e.; Republic Ins. Co. v. Highland Park I. School District, Tex.Civ.App., 123 S.W.2d 784, wr. dism. w. o. j., 133 Tex. 545, 125 S.W.2d 270.

on its mineral properties. Appellant further alleged that the money on deposit with the court is still the money of plaintiff, who seeks affirmative relief, deposited as a necessary prerequisite to the maintenance of this suit.

The motion was overruled by the trial court in the final judgment. Defendant School District duly excepted, and gave notice of appeal from such ruling denying its said motion.

Cross-appellant School District relies as its principal authority upon Republic Ins. Co, v. Highland Park I. School District, Tex.Civ.App., 123 S.W.2d 784, wr. err. dis. w. o. j., 133 Tex. 545, 125 S.W.2d 270, and the principles of law therein announced. The facts of our case are more in line with Kansas City So. Ry. Co. v. Mauriceville Ind. Sch. Dist., Tex.Civ.App., 383 S.W.2d 861, n. w. h. and *Republic Insurance Company* is distinguishable and not controlling. That was a suit for taxes filed by the School District for taxes, wherein the defendant insurance company defended on the ground of excessive valuation as the result of a fraudulent, illegal, and arbitrary plan. The insurance company in order to avoid penalties and interest tendered to plaintiff and thereafter paid into the registry of the court as an unconditional tender the amount which it contended it should have been taxed, being less than the taxes sued for by plaintiff. After trial, judgment was rendered for plaintiff School District for the sum sued for and the tendered amount was ordered paid to plaintiff as a credit on the judgment. On appeal, the Court of Civil Appeals held that by unconditionally tendering the part of the taxes into court, the insurance company admitted the justice of the tax to the extent of the amount tendered, and such unconditional tender passed title to the money irrevocably to the taxing authority, although it did not accept such tender until after judgment; that

the transfer was complete and could not be changed without consent or by decree of the court, and the judgment was affirmed.[3] However, the appellate court recognized the distinction between the situation where one is defending a suit brought against him for taxes, and where one, taking the initiative, seeks affirmative relief in a court of equity and tenders a certain sum of money in court as a sign of willingness to do equity. On this point, the court said:

"It is only where one is seeking affirmative relief in contrast to defending against a claim (as is defendant's position in the case at bar) that title to the deposit remains in the tenderer subject to the outcome of the suit. 26 R.C.L., Tender, sec. 42; 40 Tex.Jur., Tender, p. 885, sec. 18; Texarkana & Ft. S. Ry. Co. v. Brinkman, Tex.Civ.App., 288 S.W. 852, affirmed Tex.Com.App., 292 S.W. 860. * * *"

Cross-appellant also cites, in support of its contention, the case of Manhattan Life Ins. Co. v. Stubbs, Com.App., 234 S.W. 1099. That was a case where the defendant insurance company, being the defendant who was sued on a policy for a larger sum than it felt it owed, deposited in court a sum that it agreed was owing in order to stop certain interest and penalty charges. We do not consider it in point in this controversy.

The rule applicable to this case, where the School District did not sue for taxes, and of course no affirmative money judgment was granted,[4] is set forth in 86 C.J.S. Tender § 65, p. 591 as follows:

"Payment into court is payment to the plaintiff and title to the money passes immediately to the plaintiff, *except where the payment is made by a party seeking affirmative relief and the payment is a*

3. Also, on this point, see 86 C.J.S. Tender § 64a and b, p. 590.

4. At the date of trial in December, 1966, taxpayer's taxes had not become delinquent.

*condition precedent thereto."* (emphasis added)

This exception was the situation in the *Kansas City Southern Railway* case, supra. The case was filed by the taxpayer, seeking affirmative relief from an allegedly unlawful plan of taxation. Taxpayer, in filing the suit, tendered into court the amount it admittedly owed as full and final payment of all taxes. The school district cross-actioned for its taxes according to its assessment and levy, which was a larger sum than taxpayer tendered. The trial court prior to trial granted the school district's motion to instruct the clerk to pay to it the sum tendered without prejudice to the rights of any party to the suit. The Railway Company appealed from this order. Although most of the opinion deals with the issue of whether this was an appealable order, the court deciding that it was, the Court in determining the question of error in the trial court sustaining the motion said:

" * * * Appellant did seek affirmative relief and conditionally tendered the money into court as a precedent to the end it sought. The money remains the property of the appellant until the final outcome of the lawsuit. 55 T.J.2d 230, Sec. 19; City of Rosebud v. Vitek, Tex.Civ. App., 210 S.W. 728, dism. w. o. j.; Texarkana & Ft. S. Ry. Co. v. Brinkman, Tex.Civ.App., 288 S.W. 852, affmd., Tex. Com.App., 292 S.W. 860; Republic Ins. Co. v. Highland Park Independent School District, Tex.Civ.App., 123 S.W.2d 784, dism. w. o. j. The point of error is sustained."

Under the legal principles above set forth the sum deposited by plaintiff Superior Oil Company *remained its property until the final outcome of the litigation.* In its answer to the district's motion, it declared its tender to be conditioned on its being accepted as payment in full of its taxes owed. This condition was not accepted; no affirmative judgment for taxes was sued for or granted to School District, and the court did not err in denying cross-appellant's motion above set forth.

All costs of this appeal are assessed against Superior Oil Company.

Judgment affirmed.