**MORRIS COUNTY TAX APPRAISAL DISTRICT, et al., Appellants,**

v.

**Joyce NAIL, Evelyn Latimar and Nail-Haggard Funeral Home, Inc., Appellees.**

**No. 9377.**

Court of Appeals of Texas, Texarkana.

Jan. 14, 1986.

Rehearing Denied March 11, 1986.

Second Rehearing Denied April 8, 1986.

Merrily Moore, Round Rock, for appellants.

Guy N. Harrison, Mobley, Green, Harrison & Sparks, Longview, for appellees.

CORNELIUS, Chief Justice.

This is a suit challenging the taxable appraised values of certain properties in Morris County for the 1982 tax year. After a jury trial, judgment was rendered setting the values of appellees' funeral home and vacant lot at $72,875.00 and $3,500.00, respectively. Appellant, the appraisal district, had assessed the properties at $117,000.00 and $5,920.00, respectively.

By its first point of error, appellant contends appellees failed to prove that they complied with Tex.Tax Code Ann. § 42.06 (Vernon 1982), and § 42.21 (Vernon Supp. 1986). Those sections provide that, in order to perfect an appeal from an appraisal, the taxpayer must file a written notice of appeal with the appraisal review board within fifteen days from receiving the final order of the review board, and file a petition for review in the district court no later than forty-five days after receiving the final order.

Appellees pleaded that they received the final order on December 17, 1982. They gave their notice of appeal on January 12, 1983, and filed suit on February 14, 1983. Thus, according to the pleading, neither section of the code was complied with and appellees did not preserve their right to appeal. However, at trial it was shown that the pleadings contained a typographical error, and in fact the final order of the review board had not been issued until December 29, 1982. Of course, the order could not be received until after it was issued, so the evidence established that the *notice* of appeal was timely filed. But if appellees received the order before December 31, 1982, their *petition* for review was not timely filed. It is not shown when appellees actually received the order.

Sections 42.06 and 42.21 of the tax code are in the nature of statutes of limitations for the benefit of the appraisal districts. The failure to comply with these limitations statutes is an affirmative defense which must be pleaded. Tex.R.Civ.P. 94. Appellant did not plead the defense in any of its pleadings, and raised it for the first time in its motion for judgment notwithstanding the verdict. Consequently, it was waived. Tex.R.Civ.P. 94. Furthermore, by not requesting special issues on whether the notice of appeal and petition were timely filed appellant waived its right to complain of a lack of findings concerning that issue. Tex.R.Civ.P. 279.

Appellant next attacks appellees' tender of the taxes as required by Tex.Tax Code Ann. § 42.08 (Vernon Supp.1986), contending that it was premature and ineffective because it was made before the tax rolls were certified, and because it was to the registry of the court rather than to the tax collector.

Section 42.08 requires the taxpayer to pay the taxes due on the amount of value not in dispute, or the amount of tax paid on the property in the preceding year, whichever is greater, before the delinquency date. Failure to do so forfeits the taxpayer's right to proceed to a final determination in the district court.

We find that appellees' tender was not fatally premature. It was an unconditional tender, and although it was made before the taxes were due, it constituted a continuing tender which became effective when the taxes became due.

We now consider the effectiveness of the tender into the registry of the court. Before the adoption of the new tax code

the statutes were silent as to whether a tender of the undisputed portion of the taxes was necessary in order to maintain suit. Several courts required a tender into the registry of the court on the theory that one who seeks relief from a court of equity must offer to do equity. *See Superior Oil Company v. Sinton Independent School District*, 431 S.W.2d 383 (Tex.Civ.App.—Corpus Christi 1968, no writ); *McGinnis v. Northwest Independent School District*, 294 S.W.2d 154 (Tex.Civ.App.—Fort Worth 1956, writ ref'd n.r.e.); *Republic Insurance Co. v. Highland Park Independent School District*, 123 S.W.2d 784 (Tex.Civ. App.—Dallas 1938), *writ dism'd w.o.j.— judgmt cor. per curiam*, 133 Tex. 545, 125 S.W.2d 270 (1939). The new tax code requires payment of the undisputed amount of the tax or the tax paid last year, but does not speak to whether the tender should be into the court's registry or to the tax collector. In view of the prior judicial rulings and the fact that the legislature did not provide another mode of tender when it adopted the new tax code, we conclude that payment of the taxes into the registry of the court when there is a petition for review on file constitutes substantial compliance with Section 42.08.

■ Appellant next contends there was no evidence to support the jury's findings that the properties were valued on the appraisal rolls at $5,920.00 and $117,250.00. In reviewing a no evidence point we view the evidence in the light most favorable to the verdict and consider only the evidence and inferences supporting the verdict. *Freeman v. Texas Compensation Insurance Co.*, 603 S.W.2d 186 (Tex.1980). The tax appraiser testified that the values set by the district were $5,920.00 on the vacant lot, and $117,000.00 on the funeral home. The final order reciting those facts was also in evidence, so there was some evidence to support the jury findings. The $250.00 discrepancy between the jury's finding and the testimony concerning the funeral home's value would be harmless since all that is required to be shown under Tex. Tax Code Ann. § 42.25 (Vernon 1982)

is that the appraised value is higher than the market value. Tex.R.Civ.P. 434.

■ Lastly, appellant argues that the court erred in entering judgment for appellees because they failed to offer evidence or request special issues on each element of tender. Any error in this regard was waived by appellant's failure to object to the lack of such issues. Tex.R.Civ.P. 279.

For the reasons stated the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING

In its motion for rehearing appellant argues that we failed to consider all of the controlling issues raised in its brief. The basis for that argument is the contention that appellees failed to produce evidence that they tendered the correct amount of tax. This point was not raised by any point of error. The only point relating to taxes paid was Point of Error No. 4 which stated:

> The trial court erred in overruling Defendant's Plea to the Jurisdiction and Motion for Judgment Non Obstante Veredicto and in entering judgment for Plaintiffs for the reason that Plaintiff failed to pay *any taxes* before the delinquency date and have therefore forfeited the right to a final determination. (Emphasis added.)

The thrust of that point was that appellees failed to pay any taxes because the tender was not to the taxing entities.

Tex.Tax Code Ann. § 42.08 (Vernon Supp.1986) requires the taxpayer to pay the tax due on the amount of value not in dispute, or the amount of tax paid on the property the preceding year, whichever is greater. The tax roles had not been prepared or the tax rates set at the time this suit was filed. The tax tendered by appellees was an estimated amount based on the previous year's rate as applied to appellees' properties as they had been redescribed on the appraisal notices. Thus, even though the point was not raised, we find there was some evidence to support the jury finding

that the proper amount of tax had been tendered.

The motion for rehearing is overruled.