**WILDWOOD DEVELOPMENT, a Joint Venture, Ernest A. Becker and Herman J. Smith, Appellants,**

v.

**GREGG COUNTY APPRAISAL DISTRICT and Appraisal Board for the Gregg County Appraisal District, Appellees.**

**No. 9717.**

Court of Appeals of Texas, Texarkana.

Oct. 17, 1989.

Rehearing Denied Nov. 21, 1989.

Stephen McDaniel, Longview, for appellants.

R. Douglas Muir, Eskew, Muir & Bednar, Austin, Earl Roberts, Jr., Roberts, Hill & Calk, Longview, for appellees.

CORNELIUS, Chief Justice.

Wildwood Development appeals from an adverse summary judgment in its suit to review the order of the Gregg County Appraisal Review Board denying Wildwood's protest of the taxable value of its property set by the Gregg County Appraisal District. The summary judgment was rendered on the ground that Wildwood failed to properly tender its taxes as required by Tex.Tax Code Ann. § 42.08(b) (Vernon Supp.1989).

The facts are undisputed. After an adverse ruling by the Gregg County Appraisal Review Board, Wildwood filed a petition for review. It then filed notice and timely tendered $74,475.38 into the registry of the district court.

The undisputed amount of taxes due on the property is $41,707.75. The amount of taxes paid on the property in the preceding year was $59,579.41. Wildwood's tender of $74,475.38 into the registry of the court consisted of $59,579.41, which was the greater of the disputed amount and the amount paid on the property in the preceding year. An additional $14,895.97 was tendered for the purpose of avoiding delay in the event the property was sold. At the time Wildwood filed notice of its tender of the taxes with the district clerk, it forwarded copies to the Gregg County Appraisal District and Appraisal Review Board. The funds are currently in the registry of the court.

The Appraisal Review Board and the Appraisal District moved for summary judgment, alleging that Wildwood failed, as a matter of law, to comply with Tex.Tax Code Ann. § 42.08(b). Wildwood responded to the motion for summary judgment and supported its response by affidavits.

When a taxpayer contests the appraised value of property as being excessive, he must comply with Tex.Tax Code Ann. § 42.08 (Vernon Supp.1989), or he forfeits his right to proceed to a final determination. Section 42.08 provides that:

(b) A property owner who appeals as provided by this chapter must pay the tax due on the amount of value of the property involved in the pending action that is not in dispute or the amount of tax paid on the property in the preceding year, whichever is greater, but not to exceed the amount of tax that would be due under the order from which the pending appeal was taken, before the delinquency date or he forfeits his right to proceed to a final determination of the pending action.

(c) Upon the motion of a party, the court shall hold a hearing to review and determine compliance with this section. If the court determines that the property owner has not substantially complied with this section, the court shall dismiss the pending action. If the court determines that the property owner has substantially but not fully complied with this section, the court shall dismiss the pending action unless the property owner fully complies with the court's determination within 30 days of the determination.

Wildwood contends that summary judgment forfeiting its right to proceed to final determination was improper because its tender of the taxes into the registry of the court constituted substantial compliance with Section 42.08. We so held in *Morris County Tax Appraisal District v. Nail*, 708 S.W.2d 473 (Tex.App.–Texarkana 1986, writ ref'd n.r.e.), and our Supreme Court refused writ of error, n.r.e.

Even though Wildwood's tender did not literally comply with Section 42.08(b), it did substantially comply. Thus, it was error to render summary judgment forfeiting Wildwood's right to proceed. Instead, the trial court should have allowed Wildwood thirty days from the order to "fully comply" with Section 42.08(b), as provided by Section 42.-08(c). The use of that mechanism will fulfill the legislative purpose of providing an

uninterrupted flow of tax money to the district pending judicial review, and at the same time avoid a forfeiture of the taxpayer's right to review because of a technical violation.

The Review Board's motion for summary judgment pointed out Wildwood's failure to literally comply with Section 42.08(b), and thus constituted a sufficient motion for determination of compliance under Section 42.08(c).

For the reasons stated, the judgment is reversed. The cause is remanded to the trial court for further proceedings consistent with this opinion.