Affirmed and Memorandum Opinion
filed May 4, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00404-CV



Brandywood
Housing, Ltd., Appellant 

v.

Harris County
Appraisal District, Appellee 



On Appeal from
the 127th District Court

Harris County, Texas

Trial Court
Cause No. 2006-79105



 

MEMORANDUM OPINION 

Brandywood Housing, Ltd., appeals the trial court’s
denial of its motion for summary judgment as well as the trial court’s grant of
appellee Harris County Appraisal District’s cross motion for summary judgment. 
We affirm.  

I

            Brandywood
Housing, Ltd., (“Brandywood”) owns the Brandywood Apartments, which is a
complex that provides housing to low-to-moderate-income families in Harris
County.  The apartments were built before January 1, 2004.  Brandywood’s
limited partnership, MC-CDC-BW, Inc., (“MC-CDC-BW”) owns 1 percent of and is the
sole general partner of Brandywood, and MC-CDC-BW’s sole shareholder is
Mid-Continent Community Development Corporation (“Mid-Continent”).  An
unrelated entity owns 99 percent of and is the sole limited partner of
Brandywood.  

            Brandywood
applied for a property-tax exemption under section 11.1825 of the Texas Tax
Code for the 2004 and 2005 tax years, but the Harris County Appraisal District
(“HCAD”) denied the requests.[1] 
Brandywood appealed to HCAD’s review board, but on or about October 26, 2006,
the review board also denied the requests for exemptions.[2]  Brandywood
brought suit in district court to overturn HCAD’s denial.  The district court
overruled Brandywood’s first amended motion for partial summary judgment and
granted HCAD’s cross motion for summary judgment.  After the district court
affirmed HCAD’s denial of the 2004 and 2005 tax exemptions, this appeal
followed.    

II 

Brandywood
asserts that it meets the requirements to constitute an organization eligible
for a tax exemption under Texas Tax Code section 11.1825.  See Tex. Tax
Code Ann. §§
11.1825(a)–(c) (Vernon 2008).  To support this contention, Brandywood submitted
evidence of its corporate structure to illustrate how Mid-Continent, its sole
shareholder, qualifies as an organization under the statute.  Brandywood also
argues that it has properly rehabilitated the housing project in accordance
with the statute.  See id. § 11.1825(l).  In HCAD’s motion for
summary judgment, HCAD contended that: (1) “none of the taxing units in which
Brandywood Apartments is located approved the exemption for 2004 and 2005”; and
(2) “[t]he Brandywood Apartments were constructed before January 1, 2004.”  

We
review the traditional motion for summary judgment de novo.  Valence Operating
Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  The party moving for a
traditional summary judgment has the burden to show that no material fact
exists and that it is entitled to summary judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28
S.W.3d 22, 23 (Tex. 2000) (per curiam).    We take as true evidence favorable
to the non-movant, and we must resolve any doubt in the non-movant’s favor as
well as make reasonable inferences in the non-movant’s favor.  Nixon v. Mr.
Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985).  If a defendant is the
movant, he will be entitled to summary judgment if he disproves an element of
the plaintiff’s theory of recovery, or if he pleads and  conclusively proves each
element of an affirmative defense.  Rudisill v. Arnold White & Durkee,
P.C., 148 S.W.3d 556, 559 (Tex. App.—Houston [14th Dist.] 2004, no pet.)
(citing Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997)).  

In
its appellate brief, HCAD concedes that Brandywood created a “fact issue
regarding its ownership of the apartments for rehabilitation.”  Although this
concession cuts against HCAD’s second ground in its motion, we will affirm the
trial court’s determination if any of the grounds presented are meritorious.  See
FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872–73 (Tex.
2000).  The trial court could have decided to grant HCAD’s motion for summary
judgment because no taxing units approved Brandywood’s requests for tax exemptions,
which is a requirement under the statute.  See Tex. Tax Code Ann. §
11.1825(v).  Brandywood, however, argues that HCAD waived its reliance on
subsection (v) of section 11.1825.  In pertinent part, section 11.1825 of the
Texas Tax Code provides:

(v) Notwithstanding any other provision of this section, an
organization may not receive an exemption from taxation of property described
by Subsection (f)(1) by a taxing unit any part of which is located in a county
with a population of at least 1.4 million unless the exemption is approved by
the governing body of the taxing unit in the manner provided by law for
official action. 

Tex.
Tax Code Ann. § 11.1825(v).  It is undisputed that neither HCAD nor any
governing body for a taxing unit approved Brandywood’s tax exemptions for 2004
and 2005, so the issue is whether HCAD waived the approval
requirement.          

III

Brandywood
argues that HCAD waived the approval requirement in subsection 11.1825(v). 
HCAD contends that it has no authority to waive the statutory approval
requirement, and even if it did, its conduct did not amount to waiver.  For the
purposes of our analysis, we presume without deciding, that HCAD had authority
to waive the statutory approval requirement.  Waiver is the intentional
relinquishment of a right actually known, or intentional conduct inconsistent
with claiming that right.  Ulico Cas. Co. v. Allied Pilots Ass’n, 262
S.W.3d 773, 778 (Tex. 2008); Tenneco, Inc. v. Enter. Prods. Co., 925
S.W.2d 640, 643 (Tex. 1996).  The elements of waiver include (1)
an existing right, benefit, or advantage held by a party; (2) the party’s actual
knowledge of its existence; and (3) the party’s actual intent to relinquish the
right, or intentional conduct inconsistent with the right.  Ulico Cas. Co.,
262 S.W.3d at 778.

The
right, benefit, or privilege must exist before the waiver occurs.  Tri-Steel
Structures, Inc. v. Baptist Found. of Tex., 166 S.W.3d 443, 451 (Tex.
App.—Fort Worth 2005, pet. denied).  Courts mainly focus on the party’s intent
when the question of waiver arises.  Cont’l Casing Corp. v. Siderca Corp.,
38 S.W.3d 782, 789 (Tex. App.—Houston [14th Dist.] 2001, no pet.).  Intent to
waive must be clear, decisive, and unequivocal.  Ferguson v. Ferguson,
111 S.W.3d 589, 598 (Tex. App.—Fort Worth 2003, pet. denied).  But a party’s
silence or inaction for an extended period of time can prove intent to
relinquish a known right.  Tenneco, 925 S.W.2d at 643; Walden v.
Affiliated Computer Servs., Inc., 97 S.W.3d 303, 321 (Tex. App.—Houston
[14th Dist.] 2003, pet. denied).  Although waiver is generally a question of
fact to be determined by the jury, if the facts and circumstances are clearly
established, then waiver becomes a question of law.  Tenneco, 925 S.W.2d
at 643; Comsys Info. Tech. Servs, Inc. v. Twin City Fire Ins. Co., 130
S.W.3d 181, 190 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).  Because
the facts in this case are undisputed, waiver is a question of law in this
instance.[3]


            In
its pleadings, Brandywood asserts that the requirement set forth at subsection
11.1825(v) is not applicable because HCAD “waived such requirement for the
years 2004 and 2005 by failing to identify that provision as grounds for denial
of the exemption and further, by only having requested that specific
information in 2006.”  Brandywood complains that HCAD did not inform Brandywood
of HCAD’s intent to rely on subsection 11.1825(v) until July 26, 2006, which
was after Brandywood had filed its application for a tax exemption for the
2004, 2005, and 2006 tax years.  The hearing before the review
board was in October 2006.  Brandywood does not cite, and we have not found,
any authority that required HCAD to notify Brandywood of the basis for HCAD’s
denial of the exemption before July 26, 2006.  The record
reflects that HCAD sent Brandywood a letter dated July 26, 2006, stating that
for HCAD to process the tax-exemption application, Brandywood must provide “copies
of approvals by the governing bodies of the taxing units granting exemption
from taxation under Sec. 11.1825(v) . . . .”  The letter further provided that Brandywood
had thirty days to comply with the request, but if additional time were
required to fulfill the request, Brandywood should contact HCAD.  Brandywood
contends in its summary-judgment evidence that until it received this letter, “HCAD
had not specifically requested information related to approval from governing
bodies of the taxing units pursuant to § 11.1825.”  Brandywood
does not cite, and we have not found, any authority that required HCAD to
specifically request information from Brandywood regarding subsection
11.1825(v) before July 26, 2006.

The
record also contains a letter from Brandywood to the eight “governing bodies of
the taxing units” on August 4, 2006, requesting their approval of Brandywood’s
tax exemption for the 2004, 2005, 2006, and subsequent tax years.  The
only response to these requests contained in our record is from the Harris
County Commissioners Court.  In this response, dated November 21, 2006, the
Commissioners Court appears to approve a partial 25 percent exemption for
Brandywood Apartments.  The Commissioners Court, however, does not state that
this exemption applies retroactively to 2004 and 2005, and the Commissioners
Court sent its response after the review board rejected Brandywood’s requests
for exemptions as to 2004 and 2005.  This response is not relevant to whether
HCAD waived its right to rely on subsection 11.1825(v) as to tax years 2004 and
2005. 

Brandywood
also presented evidence from Liz Stokes, a paralegal for the American Housing
Foundation.  In 2007, she contacted various taxing authorities within HCAD to
request information about how to make an application for tax exemption approval
under the Texas Tax Code.[4] 
Several taxing authorities informed her that HCAD was responsible for the tax
exemption and “that all tax exemption information and/or application must go
through Paul Bettencourt”—the Harris County Tax Assessor.  Together with the
failure to notify Brandywood about HCAD’s intent to rely on subsection (v),
Brandywood asserts that HCAD’s conduct clearly demonstrates waiver.  

Brandywood
relies on Morris County Tax Appraisal District v. Nail for the
proposition that an appraisal district can waive a statutory requirement.  708
S.W.2d 473, 474 (Tex. App.—Texarkana 1986, writ ref’d n.r.e.).  Nail
concerns a statute that provided an appraisal board an affirmative defense
should the plaintiff fail to give notice and file its appeal by the statutory
deadline.  Id.  The court held that the statutory provision was waived
because the appraisal board did not plead the affirmative defense in its
petition in the district court.  Id.  In contrast, this case does not
involve a failure to plead an affirmative defense.  At issue is whether HCAD’s
failure to inform Brandywood of the existence of subsection (v) constitutes
waiver.  Nail does not apply to the case at hand.  

To
receive an exemption for 2004 and 2005, Brandywood had to satisfy all of the
statutory requirements for this exemption, including the requirement contained
in subsection 11.1825(v).  Brandywood failed to do so.  Even presuming  that
HCAD had authority to waive this statutory requirement, there is no evidence
raising a fact issue as to whether HCAD intentionally relinquished this right
or whether it engaged in intentional conduct inconsistent with claiming this
right.  Accordingly,
we overrule Brandywood’s sole issue and affirm the trial court’s rulings.

*
* *

For the foregoing
reasons, we affirm the trial court’s judgment. 








                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Yates, Frost,
and Brown.

 









[1]
Under section 11.1825, an organization is able to
receive a tax exemption on real property if the organization constructs or
rehabilitates and uses its property to provide housing to
low-to-moderate-income individuals or families.  Tex. Tax Code Ann. § 11.1825
(Vernon 2008).  Section 11.1825, however, states that “[a]n organization may
not receive an exemption for a housing project constructed by the organization
if the construction of the project was completed before January 1, 2004.”  Id.
§ 11.1825(k).  





[2]
Brandywood’s Second Amended Petition alleges that the 2004 and 2005 requests
were adjudicated by the review board on or about October 26, 2006.  We presume
for the purposes of our analysis that this is correct.





[3]
Brandywood and HCAD do argue about whether, as Brandywood puts it, “Texans
[will] lose a major provider of housing to low and moderate income families [if
it cannot receive the exemption provided by the statute]”; but that does not
amount to a material issue of disputed fact.





[4]
The taxing authorities or governing bodies that Stokes contacted, however, were
not all the same as the governing bodies Brandywood originally contacted in
August 2006.