**TOWN OF GRIFFING PARK,**
Texas, Appellant,

v.

**CITY OF PORT ARTHUR,**
Texas, Appellee.

No. 09 81 002 CV.

Court of Appeals of Texas,
Beaumont.

Dec. 22, 1981.

Rehearing Denied Jan. 14, 1982.

Dick Gregg, Jr., Houston, for appellant.

Robert E. Morse, III, Houston, for appellee.

DIES, Chief Justice.

On March 31, 1952, the City of Port Arthur and the Town of Griffing Park contracted whereby the former agreed to deliver and sell water to the latter, and, by a separate agreement, also agreed to pump and treat the sewage of Griffing Park. Both contracts contain a set term of thirty (30) years, to expire on March 31, 1982. In August of 1977, the City of Port Arthur resolved that the City would "hereinafter limit its water and sewer service to providing for the needs of the citizens of Port Arthur," and its mayor notified Griffing Park that services would cease on the expiration date—March 31, 1982.

The City of Port Arthur sought a declaratory judgment that said contracts with Griffing Park would expire on March 31, 1982, and that following this date, Port Arthur would be under no obligation to provide such services. Port Arthur moved for summary judgment, which was entered on August 6, 1981, and from which Griffing Park brings this appeal. For clarity, appellant, Town of Griffing Park, will be referred to in this opinion as "Griffing Park," and appellee, City of Port Arthur, as "Port Arthur."

Griffing Park's first point is "[t]he District Court erred in failing to grant Defendant's First Plea in Abatement for the reason that a judgment construing the contracts only does not terminate the uncertainty or controversy giving rise to the proceeding."

The argument advanced is that both Port Arthur and Griffing Park have been enjoined in other proceedings to rehabilitate its sewer collection lines. Then, for the trial court to hold that Port Arthur has no obligation to treat the sewage so properly delivered is inconsistent.

■ It is true, *Section 6* of the Uniform Declaratory Judgments Act, *Tex.Rev.Civ. Stat.Ann. art. 2524–1* (1965), allows a court to refuse to render a declaratory judgment if the same "would not terminate the uncertainty or controversy giving rise to the proceeding." See *Harding Bros. Oil & Gas Co. v. Jim Ned. I.S.D. 102*, 457 S.W.2d 102, (Tex.Civ.App.—Eastland 1970, no writ). However, the summary judgment proof here shows that regardless of whether Griffing Park treated its own sewage or had it treated elsewhere, sewer line rehabilitation work would be necessary in order to efficiently meet the State of Texas water quality requirements. The other lawsuits referred to by Griffing Park in no way addressed the necessity of Port Arthur to provide the services after the contracts expired. A declaratory judgment may be entered if it serves a useful purpose in resolving a controversy between the parties, even if actual or potential disputes remain.

*Standard Fire Insurance Co. v. Fraiman,* 514 S.W.2d 343 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ); *Kimble v. Baker,* 285 S.W.2d 425 (Tex.Civ.App.—Eastland 1955, no writ).

■ In *Southern National Bank of Houston v. City of Austin,* 582 S.W.2d 229, 237 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.), the court said:

"The fact that other issues in the general controversy between the parties remain unresolved by a declaratory judgment does not deprive the court of the power and discretion to render such a judgment."

This point is overruled.

■ Griffing Park's second point is that "[t]he Texas Water Commission has primary jurisdiction over the setting of rates for extraterritorial water supply service and for compelling service of extraterritorial water supply when those waters are surface waters."

Port Arthur does not appropriate state water. It buys it from the Lower Neches Valley Authority, which presumably so could Griffing Park. There is no rate dispute here; so, *Section 12.013, Tex.Water Code Ann.* (1972), has no application. By a letter of July 1, 1980, to Griffing Park's attorney, the Texas Department of Water Resources said:

"[It] lacks jurisdiction to consider your request for a rate determination pursuant to Section 26.086 of the Texas Water Code. . . .

\*    \*    \*    \*    \*    \*

"Your letter also fails to state facts sufficient to warrant my finding probable grounds under Section 11.041, Texas Water Code, to refer your complaint regarding water rates to be charged by the City of Port Arthur to the Texas Water Commission for hearing.

\*    \*    \*    \*    \*    \*

"In view of the fact that the contract expires in 1982, we cannot overstate the necessity of taking action as expeditiously as possible."

■ The Texas Department of Water Resources has administrative jurisdiction over the "appropriation" of state waters. Texas Water Code, *Sections 11.084, 11.121, 12.011.* But, as stated previously, Port Arthur does not appropriate state waters. The Texas Water Commission also has certain rate fixing power. See Texas Water Code *Section 12.013.* However, the controversy here is not over rates, and neither the Department nor the Commission has the authority to compel water service between entities, neither of which are "appropriators" of state waters. A customer of an "appropriator," such as Port Arthur, is not an "appropriator" within the meaning of the Texas Water Code. *Willis v. Neches Canal Co.,* 16 S.W.2d 266, 269 (Tex.Com.App.1929, judgmt adopted).

Griffing Park has not given us any authority which would require Port Arthur to continue the service after the termination of the contracts. See *Biggs v. Miller,* 147 S.W. 632, 636 (Tex.Civ.App.—El Paso 1912, no writ). *Section 11.036* of the Water Code merely authorizes persons or corporations having possession and control of conserved or stored water to contract to supply water to other persons, but the section certainly does not compel service. The City of Port Arthur, being incorporated, has no extraterritorial jurisdiction over Griffing Park, also incorporated. *Tex.Rev.Civ.Stat.Ann. art. 970a, § 3 A* (1963). Even if it did, this court held in *City of Livingston v. Wilson,* 310 S.W.2d 569 (Tex.Civ.App.—Beaumont 1958, writ ref'd n.r.e.), that a municipality has the inherent authority to discontinue extraterritorial water service to outside customers. This point is overruled.

■ Griffing Park's third point urges error by the trial court because there was a fact issue raised by the pleadings and affidavits (discrimination between extraterritorial customers). First, as stated by the statute above cited, this gives Port Arthur no extraterritorial jurisdiction over Griffing Park. Also, the affidavit of Griffing Park's attorney is based on information and belief, which is not sufficient to raise a fact issue. See *Rausheck v. Empire Life Ins. Co. of*

*América*, 507 S.W.2d 337, 339 (Tex.Civ.App. —Texarkana 1974, writ ref'd n. r. e.). In *Garza v. Allied Finance Co.*, 566 S.W.2d 57, 60 (Tex.Civ.App.—Corpus Christi 1978, no writ), the court wrote: "Speculation, opinions or an expression of belief that at trial evidence can be offered to create an issue is insufficient to prevent the entry of a summary judgment." And, in *Duffard v. City of Corpus Christi*, 332 S.W.2d 447, 449 (Tex. Civ.App.—San Antonio 1960, no writ), the court said:

> "The affidavit must be made on personal knowledge and set forth facts which are admissible in evidence, and must affirmatively show 'that affiant is competent to testify to the matters stated therein.'" (Citing authority).

This point is overruled.

Griffing Park's last point has already been answered in this opinion, and it is likewise overruled. See *Tex.Rev.Civ.Stat. Ann. art. 970a, § 3 A* (1963); *City of Livingston v. Wilson*, supra. The judgment of the trial court is affirmed.

AFFIRMED.