OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



December 8, 1999

The Honorable Pete P. Gallego
Chair, General Investigating Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0151

Re: Removal of a veterans county service officer who does not meet the requisite statutory qualifications (RQ-0076-JC)

Dear Representative Gallego:

You have requested our opinion as to whether a person who does not meet the statutory requirement for the position may serve as a veterans county service officer in Pecos County, and if not, how the appointment of such an individual may be challenged. We conclude that a non-veteran[1] is ineligible to serve as a veterans county service officer, that quo warranto is not a proper means of challenging the tenure of a non-qualified individual, but that other legal remedies may be available.

A commissioners court in a county with a population of less than 200,000 may "maintain and operate" a veterans county service office under the terms of section 434.032(b) of the Government Code. Pecos County has a population of less than 200,000. When the office has been established, the commissioners court is directed to "appoint a veterans county service officer and the number of assistant veterans county service officers that it considers necessary." TEX. GOV'T CODE ANN. § 434.033(a) (Vernon 1998). Eligibility for the position is established by statute:

> (b) To be appointed as an officer a person must:
>
> (1) be qualified by education and training for the duties of the office;
>
> (2) be experienced in the law, regulations, and rulings of the United States Department of Veterans Affairs controlling cases that come before the commission; and
>
> (3) have the service experience specified by Subsection (c) or be a widowed Gold Star Mother or unremarried widow of a serviceman or veteran whose death resulted from service.

---

[1]An appointee need not be a veteran if she is "a widowed Gold Star Mother or unremarried widow of a serviceman or veteran whose death resulted from service." *See* TEX. GOV'T CODE ANN. § 434.033(b)(3) (Vernon 1998).

> (c) To meet the service experience requirement of Subsection (b)(3) a person must have:
>
>> (1) served on active duty in a branch of the armed forces of the United States;
>>
>> (2) served for at least four months or have a service-connected disability; and
>>
>> (3) been honorably discharged.
>
> (d) An officer serves at the pleasure of the commissioners court.

*Id.* § 434.033. Thus, a person appointed on the basis of service experience must be an honorably discharged veteran of the armed forces with either four months service or a service-connected disability.

You indicate that Pecos County has appointed to the position of veterans county service officer an individual who is not a veteran. In Attorney General Opinion V-269 (1947), this office, in construing the predecessor statute to section 434.033, said that a person who is not a veteran is not eligible for the position of veterans county service officer. *See also* Tex. Att'y Gen. Op. No. O-6489 (1945). Both the statute and Attorney General Opinion V-269 make it clear that a non-veteran is ineligible for appointment as a veterans county service officer, and we so conclude.

You also ask how the appointment of an ineligible individual may be challenged. Under section 87.012 of the Local Government Code, various county officials are subject to removal from office by the district judge. Although the veterans county service officer is not among those specifically listed, the district judge is also empowered to remove "a county officer, not otherwise named by this section, whose office is created under the constitution or other law of this state." Tex. Loc. Gov't Code Ann. § 87.012(15) (Vernon 1999). Even if the veterans county service officer were a public officer subject to removal, however, failure to meet a statutory qualification is not a proper basis for removal. An officer may, in general, be removed for (1) incompetency; (2) official misconduct; or (3) intoxication, and an officer may be removed *only* for one of these three causes. *State ex rel. Eidson v. Edwards*, 793 S.W.2d 1, 5 (Tex. Crim. App. 1990) (citing Tex. Loc. Gov't Code Ann. § 87.013); *Stern v. State ex rel. Ansel*, 869 S.W.2d 614 (Tex. App.–Houston [14th Dist.] 1994, writ denied).

Quo warranto generally is the proper means to challenge the right of a person to hold an office. *State v. Fischer*, 769 S.W.2d 619 (Tex. App.–Corpus Christi 1989, writ dism'd w.o.j.); *Prince v. Inman*, 280 S.W.2d 779, 782 (Tex. Civ. App.–Beaumont 1955, no writ). In Attorney General Opinion V-269, *supra*, the attorney general said that a quo warranto proceeding is the proper method to test the right of a veterans county service officer to hold his position. At the time Attorney General Opinion V-269 was issued, the veterans county service officer was specifically granted a "term of office." *See* Act of May 22, 1989, 71st Leg., R.S., ch. 364, § 3, 1989 Tex. Gen.

Laws 1452, 1453 (repealing former subsection 434.033(e) of the Government Code). In 1989, the statute was amended to state that the veterans county service "officer serves at the pleasure of the commissioners court." TEX. GOV'T CODE ANN. § 434.003(d) (Vernon 1998). Quo warranto is a proceeding that is available, *inter alia*, if "a person usurps, intrudes into, or unlawfully holds or executes a franchise or an *office* . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 66.001 (Vernon 1997) (emphasis added). We have found no case in which the right of a mere employee to hold a position was challenged by a quo warranto proceeding. Furthermore, it seems anomalous to permit the use of a legal proceeding like quo warranto to contest the holding of a position by an individual who could be removed by simple majority vote of a commissioners court. Thus, it is our view that quo warranto is not the proper vehicle to challenge the right of a veterans county service officer to hold his position.

Other remedies may be available. The purpose of an action under the Declaratory Judgments Act, chapter 37 of the Civil Practice and Remedies Code, is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered." *Id.* § 37.002(b). Where a real and bona fide justiciable controversy exists, the settlement of which will serve a useful purpose, declaratory relief may properly be granted, even though it may not settle every question which has arisen between the parties. *Town of Griffing Park v. City of Port Arthur*, 628 S.W.2d 101, 102 (Tex. App.–Beaumont 1981, writ ref'd n.r.e). A declaratory judgment has been held to be available, for example, where an agency is exercising authority beyond its statutorily conferred powers. *Nuchia v. Woodruff*, 956 S.W.2d 612, 616 (Tex. App.–Houston [14th Dist.] 1997, no pet.). It might be argued that a veterans county service officer who is not a veteran as required by statute is "exercising authority beyond" his "statutorily conferred powers."

An even more efficacious remedy might be a proceeding under chapter 65 of the Civil Practice and Remedies Code to enjoin the county auditor and/or county treasurer from issuing warrants to pay the salary of the veterans county service officer. In one instance, a court granted an injunction to prevent a school board from using current tax revenue to pay obligations incurred during a previous school year. *Harberson v. Arledge*, 438 S.W.2d 591 (Tex. Civ. App.–Fort Worth 1969, writ ref'd n.r.e.). In another, a court permitted taxpayers to maintain suit for injunction against a school board to prevent the expenditure of public funds for a school building located on a site that had not been legally selected. *Lawler v. Castroville Rural High Sch. Dist.*, 233 S.W.2d 613 (Tex. Civ. App.–San Antonio 1950, writ ref'd). And another court enjoined the expenditure of bond funds for roads that had not been designated in the election order. *Thayer v. Greer*, 229 S.W.2d 833 (Tex. Civ. App.–Amarillo 1950, writ ref'd n.r.e.).

Mandamus to compel the commissioners court to appoint a statutorily qualified veterans county service officer is probably not a viable alternative. *See* Tex. Att'y Gen. Op. No. JC-0140 (1999) at 3. Mandamus will lie to compel a public official to perform a ministerial act. *Turner v. Pruitt*, 342 S.W.2d 422, 423 (Tex. 1961). An act is ministerial, however, only "when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991). Section 434.033(a) of the Government Code specifies neither the identity of the person to be

appointed, nor a time frame in which the commissioners court must make the appointment. Rather, it says merely that, when the court appoints a person to the position of veterans county service officer, the appointee must possess certain qualifications. Nor does any other law clearly spell out a mandatory duty to appoint with sufficient certainty that nothing is left to discretion.

Furthermore, we do not believe the commissioners court could be directed by mandamus to dismiss the current occupant of the position. No statute requires that it do so. Nor are we aware of any common law duty that requires a governing body or other such entity to discharge an employee. Personnel decisions necessarily are suffused with substantial discretion. Commissioners who wilfully vote to appoint an individual who does not meet the statutory qualifications could be subject to removal from office for "incompetency" or "official misconduct" under section 87.013 of the Government Code, although we doubt whether such action would be successful. We note these possibilities not as an exhaustive list, but merely as an attempt to provide some possible options. Other causes of action may become available as circumstances develop.

## S U M M A R Y

A person who is not a veteran of the armed forces is not eligible to be a veterans county service officer. Quo warranto is not a proper vehicle to effect the removal of an ineligible individual, but other remedies, such as an injunction to prohibit the payment of salary warrants to an ineligible individual, may be available.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee